STATE OF NEBRASKA, APPELLEE, V. RONALD EUGENE WARNER, APPELLANT.

149 N. W. 2d 438

Filed March 24, 1967. No. 36491.

Miles W. Johnston, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from an order denying a motion to vacate a sentence and judgment under the provisions of the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965.

On May 21, 1964, the defendant entered a plea of guilty to an information for burglary, and on June 22, 1964, he was sentenced to confinement in the Nebraska Penal and Correctional Complex for a period of 2 years, said sentence to be served consecutively to any sentence for which the defendant was then under commitment or was serving.

On August 3, 1966, defendant filed a motion to vacate the sentence and judgment for the reason that he was without counsel at the time of his arraignment, plea, and sentence. The trial court, after an order to show cause, denied the relief requested. An appeal was perfected to this court by court-appointed counsel.

The following portion of the record on defendant's arraignment is pertinent on the question raised herein:

"MR. LAHNERS: I have also explained to you that, in this court, you are entitled to the services of a lawyer and that in the event you do not have sufficient funds with which to hire a lawyer that the Court will appoint one and the county would pay for his services. Do you understand you are entitled to the services of a lawyer?

"MR. WARNER: Yes, sir.

"MR. LAHNERS: Do you wish to have a lawyer appointed for you, or do you wish to waive that right?

"MR. WARNER: I wish to waive that right, sir.

"MR. LAHNERS: Do you do that freely and voluntarily?

"MR. WARNER: Yes, sir. I would like to try to contact a lawyer of my own.

"MR. LAHNERS: Do you wish to do that before you enter a plea in this case, or do you—

"MR. WARNER: No, sir.

"MR. LAHNERS: Or prior to sentencing?

"MR. WARNER: Prior to sentencing, sir.

"MR. LAHNERS: All right.

"MR. WARNER: I wish to make my plea now and contact a lawyer to represent me at the time of sentencing, sir.

"THE COURT: I want this clearly understood, because this is one of the points at which a great many people think you ought to have advice of counsel.

"MR. LAHNERS: Your Honor, in this regard, I visited with Mr. Warner, and Mr. Warner informed me that he did not want an attorney at this time, but he did want an attorney to explain some mitigating factors to the Court prior to sentence; and I knew that Mr. Warner wanted to do this, and he says he has an attorney whom he intends to get in touch with.

"THE COURT: This would be your private attorney;—

"MR. WARNER: Yes, sir.

"THE COURT: —you are not asking the Court to appoint somebody?

"MR. WARNER: Yes, sir.

"THE COURT: You understand what Mr. Lahners means when he asks you if you waive this right? This means you don't have it, go without it.

"MR. WARNER: Yes, sir."

There can be little question the defendant was fully advised of his rights. However, he alleges that he has only a tenth-grade education and could not and did not intelligently waive his right to counsel. This conclusory statement standing alone is not sufficient to re-

quire a hearing in this case, and its denial on the record is not an abuse of discretion. See, Olive v. United States, 327 F. 2d 646; Machibroda v. United States, 368 U. S. 487, 82 S. Ct. 510, 7 L. Ed. 2d 473.

A mere declaration or self-serving statement by a prisoner that his constitutional rights were violated does not entitle him to a hearing on a motion to vacate his conviction or sentence. He is required to allege facts which if proved would constitute an infringement of his constitutional rights. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

An examination of the record made on defendant's arraignment satisfies us that defendant freely, knowingly, and voluntarily waived his right to counsel and entered a plea of guilty to the charge in the information. It is to be noted that defendant was not sentenced for more than a month after his plea. Defendant's plea was entered May 21, 1964, at which time proceedings were suspended pending an investigation. He was not sentenced until June 22, 1964, at which time he was given an opportunity to state any reason he might have as to why sentence should not be passed. While the record does not indicate what mitigating circumstances were considered by the court at the time of the sentencing, it is evident that the sentence imposed was lenient. The penalty for the offense charged is 1 to 10 years. The defendant, who was not a first offender, received 2 years.

For the reasons given, the ruling of the trial ocurt was correct and the judgment is affirmed.

AFFIRMED.