STATE OF NEBRASKA, APPELLEE, v. WILLIAM PHILLIPS, APPELLANT.

184 N. W. 2d 639

Filed March 12, 1971. No. 37700.

Renne Edmunds and J. Patrick Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the denial of post conviction relief. Appellant alleges his conviction was invalid because of ineffective assistance of counsel and that one of the State's witnesses was a mentally ill, paid informer. Post conviction relief was denied. We affirm.

Appellant's brief does not argue or expand on his second assignment of error. There is nothing in the record to indicate the problem, if any. There is no merit to this assignment, and we do not discuss it further.

Appellant received a sentence of 3 to 5 years after a jury found him guilty of robbery. Appellant who is 29 years of age and a high school graduate, admits two previous felony convictions. Appellant does not contend he is innocent of the offense on which he was convicted, but rather that some of his constitutional rights were denied him.

Appellant's assignment of ineffective counsel is premised on the fact that the representative of the public defender's office, Mr. Fred J. Montag, who had been counseling with appellant about his case, was not his attorney at the trial. On February 3, 1969, the trial court appointed the public defender of Douglas County as appellant's counsel. On February 10, 1969, appellant appeared for arraignment with Mr. Lynn R. Carey, Jr., of the public defender's officer as counsel, and pled not guilty. Subsequent thereto, and to the day of trial the appellant was represented by Mr. Montag.

When the case was called for trial, March 31, 1969,

Mr. Montag was not available and Mr. Carey appeared. with the appellant. At that time there was some discussion between the appellant, the trial judge, and Mr. Carey, but this discussion was not transcribed. After the jury was impaneled, the appellant, Mr. Carey, and the court again visited about proceeding with the trial, and the following occurred: " (The following proceedings were had in chambers:)

"THE COURT: Let the record show that this is a conference in chambers prior to the jury being sworn. Your name is Mr. William Phillips?

"MR. PHILLIPS: Yes.

"THE COURT: I am Judge O'Brien and I am going to be the Trial Judge in this case, as you know. For your benefit, I am one of the District Judges in this court. It appears that Honorable John Burke on the 3rd day of February, 1969 at your request appointed the Public Defender to represent you. Do you recall that?

"MR. PHILLIPS: Yes, sir.

"THE COURT: Then it further appears from the docket sheet that on the 10th day of February, 1969 you were present in court with the office of the Public Defender, and specifically Mr. Lynn Carey was appointed to represent you. You were arraigned on the charge of robbery and you entered a plea of not guilty and the cause was set for trial at the next jury panel or as soon thereafter as it may be reached, and you were remanded to the custody of the Sheriff. On this 31st day of March, 1969 the record now shows that the Plaintiff appeared in the case of the State of Nebraska v. William Phillips, the State being represented by Frank Pane, one of the Deputy County Attorneys; that you appeared with your Counsel, Lynn Carey, and at this point the jury was merely impaneled. I want to call your attention that at this point the jury has not been sworn because we recessed at noon. In a sense Mr. Lynn Carey has represented you and he is one of the Assistant Public Defenders, and I want to call your attention that Fred Montag

is also an Assistant Public Defender. Do you have any objections to Mr. Lynn Carey proceeding with the trial of your case?

"MR. PHILLIPS: No.

"THE COURT: That is perfectly okay with you?

"MR. PHILLIPS: Yes.

"THE COURT: You have all the confidence in the world in Mr. Lynn Carey, Jr.?

"MR. PHILLIPS: Yes.

"THE COURT: I can assure that Mr. Carey is a competent Trial Counsel but if you want a continuance of any kind in this case I will give it serious consideration. You do not want a continuance?

"MR. PHILLIPS: No.

"THE COURT: You want to continue with the trial of your case?

"MR. PHILLIPS: Yes.

"MR. CAREY: The record should show that our office was appointed and Mr. Montag conferred with the Defendant, but I did appear at the arraignment because of Mr. Montag's non-availability, although he has given me all of the pertinent facts, and I have advised Mr. Phillips that I am willing to proceed with the trial if he wishes, and he wishes to continue at this time rather than wait for Mr. Montag.

"THE COURT: It appears that Mr. Montag is unavailable to represent you in this case, for what reasons I do not know, but this case was scheduled for trial several days ago, approximately two weeks ago and I was assigned to hear this case, and both the State of Nebraska and the office of the Public Defender during the week of March 24, 1969 were advised that this case would be brought to trial before me. You understand that, Mr. Phillips?

"MR. PHILLIPS: Yes, sir.

"THE COURT: Do you feel that you have had ample opportunity to discuss this case and particularly your defense with your Court appointed Counsel?

"MR. PHILLIPS: Yes, sir.

"THE COURT: So, as I understand it, there is no doubt about it—you are requesting me to proceed with the trial of this case, is that correct?

"MR. PHILLIPS: Yes, sir.

"THE COURT: I will grant your personal wishes and respect them.

"MR. PHILLIPS: Thank you."

The record indicates that Mr. Carey discussed the case with the appellant for approximately 15 minutes before the voir dire examination. He was not, however, unfamiliar with the case, which involved two defendants who were to be tried separately. He represented the other defendant, one Leonard Franklin, and had visited with Mr. Franklin at least six times about the case before the appellant's trial. He had also discussed the case rather extensively with Mr. Montag.

To sustain his contention of ineffective counsel, appellant argues: First, trial counsel did not have time to prepare because he was not assigned to appellant's defense until the day of the trial; and, second, that he failed to call certain alleged alibi witnesses. Appellant wholly failed to establish that he was in any way prejudiced by the late substitution of trial counsel. Effectiveness of counsel is not to be judged by hindsight. Cardarella v. United States (8th Cir.), 375 F. 2d 222. Appellant's trial counsel was familiar with the case, had been working on it preparatory to defending another defendant, and had extensively discussed it with appellant's previous counsel. The fact that the trial counsel had only 15 minutes to visit with appellant before a jury was impaneled, on the facts in this case, does not *per se* prove ineffective counsel. Additionally here, the trial judge explained the situation to the appellant and gave him an opportunity to secure a continuance if he felt one was necessary.

In State v. Putnam, 182 Neb. 185, 153 N. W. 2d 456, we held: "Ineffectiveness of counsel is not inferable

from the single fact that only 15 minutes passed between appointment of counsel and arraignment of defendant." Also: "For post conviction relief on the ground of ineffective assistance it must appear 'that counsel's assistance was so grossly inept as to shock the conscience of the court * * *.' " While the Putnam case involved a guilty plea, the principle is the same. There must be some showing of prejudice and the amount of time which elapses between appointment of counsel and the commencement of the trial is not *per se* sufficient to carry that burden.

The instant case on the point involved is not too different from Chambers v. Maroney, 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419. There the petitioner claimed counsel's appearance a few minutes before the trial was so belated he could not furnish effective legal assistance. Petitioner was represented by a legal aid society. A representative of the society conferred with petitioner and appeared for him at his first trial. The question arises out of the second trial because no one from the legal aid society again conferred with petitioner until a few minutes before the second trial began and he was represented by a different member of the legal aid society staff. No charge was made that trial counsel was incompetent or inexperienced, but rather that his appearance was so belated that he could not furnish effective legal assistance. Mr. Justice White, speaking for the majority of the court, said: "Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel."

The evidence on the failure to call alibi witnesses would indicate that appellant's former counsel, as a

matter of trial strategy, specifically advised appellant that this defense would obviously be proved "phony" and should be abandoned. If we are to believe his trial counsel's testimony, appellant must have accepted this advice. While appellant testified that he told his trial counsel that he had asked Mr. Montag to call some witnesses, his trial counsel specifically testified that he discussed the issuance of compulsory process and witnesses with appellant and appellant told him that he had no witnesses. If appellant wanted witnesses, there was time to compel their appearance. In any event, there was no evidence adduced in the post conviction hearing as to what the alleged witnesses could or would testify.

Our examination of the record is sufficient to indicate that the conduct of appellant's trial counsel was adequate. Mr. Carey had held pretrial conferences on the case with the principal defendant in the robbery; he must have been fully aware of the nature of the State's case; and he was experienced in the defense of criminal actions. He had been a member of the staff of the public defender for 4 years previous to this trial. Under the circumstances he was in position to step into the trial on short notice. While such practice is not to be encouraged, in this case it was not prejudicial in any way. The late appointment of counsel was not erroneous as a matter of law. Appellant had the burden of proving that it was erroneous as a matter of fact. This he has not done.

In a post conviction proceeding, the burden of proof is on the movant to establish a basis for relief, and where such burden is not met, a denial of relief is required. State v. Coffen, 184 Neb. 254, 166 N. W. 2d 593. Appellant has not met his burden. The judgment of the district court is correct and is affirmed.

AFFIRMED.