STATE OF NEBRASKA, APPELLEE, v. REGGIE L. ONDRAK, APPELLANT.

186 N. W. 2d 727

Filed May 14, 1971. No. 37768.

Davies, Cheuvront & Sutter, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a post conviction action in which the defendant claims he was ineffectively represented by counsel at the proceedings leading to his conviction and sentence. The district court denied the motion. On appeal we affirm the judgment of the district court dismissing the action.

In the district court in 1968, the defendant was charged with burglary. The court appointed to represent him counsel of his own choosing. He was acquainted with the lawyer involved, and the lawyer had represented him in several legal matters in the past. The defendant pled not guilty originally to the charge but this was subsequently changed to a guilty plea. It is not contended herein in this case that the guilty plea was anything other than freely and voluntarily given. The defendant was properly advised by the district court, after his guilty plea, that a presentence investigation as required by law would be made before sentence was passed.

At the time of the sentencing the record shows that the defendant was asked if there was anything he wanted to say before sentence was pronounced and he said "No, sir." The lawyer whose representation is now attacked then made the following statement: "I have thought about this a long time, Your Honor. I really don't know what to say except this is a very unfortunate situation. We have a young man here who, according to the tests, has a lot of abilities, but he doesn't seem to so far have found himself, found the backbone to stand on his feet and stay at useful employment. And as I see it, his drinking enters in and runs throughout the entire picture. Of course he is the one that did the drinking; no one poured it down his throat. That is

part of the problem and I think it was involved in this, because it was the reason for the burglary. I believe all of the men were drinking prior to the time they went there. As the Court indicated, there is a Municipal Court record of I don't know how many entries of simple intoxication. I don't know what the answer is. I simply suggest to the Court he would certainly be dried out if he was placed in either the reformatory or penitentiary. I cannot as an officer of this Court seriously recommend probation. I do not think that a long term would be of any particular value either. I think that probably is part of the trouble to start with; the fact this young man spent considerable time behind bars prior to the time he was ever convicted of any offense, simply as a juvenile delinquent; that enters the picture too. The recommendation I can make is virtually none. The Court has all the information before it. I have had the same information. I have thought about this for a long time and there is nothing I can really say to the Court." The statute provides for a maximum sentence of 10 years to the charge. The court pronounced an indeterminate sentence of 2 to 4 years. In essence, the defendant's attack is the suggestion that his lawyer should have demanded and argued for placing him on probation. This was a matter of trial strategy on the part of the lawyer. It would appear from the record that his representation and handling of this situation was quite effective. This was because the defendant had previously been on probation and considering his previous record, the judgment was made that an attempt to obtain or argue for probation again was not only not a realistic possibility, but might be considered as offensive by the sentencing judge. This was not only a logical and practical decision but it may have had some bearing upon the fact that the defendant, despite his record, was given an indeterminate sentence of 2 to 4 years. In the context of the situation that the trial counsel was faced with he should be given a wide lati-

tude in the adoption of the strategy involved. See 2 Amsterdam, Segal & Miller, Trial Manual for the Defense of Criminal Cases, § 467 (1967). We feel that the evidence in this case shows affirmatively a very adequate representation by the trial counsel. We observe that the defendant's drinking and its impact on his conduct were effectively presented to the trial court on the theory that the court would be more lenient and give a smaller sentence to a man who committed a crime while drinking than one who did it in the cold calculation of sobriety. The defendant's youth was emphasized and also it was pointed out to the court that a long term would not serve the ends of justice.

ABA Code of Professional Responsibility, Canon 7, states that one of the primary duties of an attorney is to represent a client "zealously within the bounds of the law." The record in this case demonstrates that the lawyer involved did just that. We can only characterize the publication in the briefs and the allegations of the petition herein being an irresponsible attack on a lawyer who did the best he could for a defendant in an almost impossible situation and accomplishing a result which is perhaps better than he could hope for. The defendant's best interests were served by not pursuing an impossible approach; rather his best interests were served by pursuing the few elements in the defendant's past record that seemed to have a chance of success in influencing the sentencing judge.

The judgment of the district court in dismissing the petition for post conviction relief is correct and is affirmed.

AFFIRMED.