STATE OF NEBRASKA, APPELLEE, V. GEORGE BARTLETT, APPELLANT.

259 N. W. 2d 917

Filed November 23, 1977.　No. 41298.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the refusal of the District Court to grant a post conviction motion to vacate defendant's judgment of conviction and sentence. Defendant was convicted by a jury of possession of heroin with intent to deliver. He was sentenced as an habitual criminal to a term of 20 to 30 years in the Nebraska Penal and Correctional Complex. § 29-2221, R. R. S. 1943. This court affirmed the judgment and sentence in State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904. The trial court held that no evidentiary hearing was required and denied defendant's motion. We affirm.

The defendant asserts that he was denied his constitutional right of effective assistance of counsel at trial. Defendant asserts that the test applied by the District Court to determine adequate representation by counsel was improper. The defendant is correct. The trial court held the test to be whether counsel's assistance was so grossly inept as to shock the conscience of the court. The standard was enunciated in State v. Leadinghorse, 192 Neb. 485, 222 N. W. 2d 573. Under that standard, trial counsel's performance in a particular case is measured against that of a lawyer with ordinary training and skill in the criminal law in his area, as well as a showing of conscientious protection of the interest of his client. We will apply this standard to the specific allegations defendant contends constitute ineffective assistance of counsel.

The defendant's trial counsel made a motion to suppress evidence consisting of money found in defendant's house. Pursuant to a search warrant, defendant's residence was searched. Neither the warrant, which does not appear in the record, nor the money were offered in evidence. The record is unclear as to whether the money was actually seized during the search or the police merely gained knowledge of its existence.

Defendant testified on direct examination that he earned about $300 per week. His wife had testified that it was necessary to budget in order that she, the defendant, and four children manage on his income. On cross-examination, defendant admitted he had eight or nine uncashed payroll checks. Defendant was then asked: "Q. Do you have any large amounts of money around your house?" After the objection by defendant's counsel was overruled, a motion was made to exclude mention of evidence of the money since it was not among the items listed on the search warrant. The motion was overruled. In response to the State's question, defendant admitted he had $22,000 in small bills in his house on the day of his arrest.

In State v. Bartlett, *supra,* this court stated that failure to file a timely motion to suppress constituted a waiver, the consequence of which could not be avoided by an untimely motion to limit the interrogation of witnesses on relevant and material matters. The decision of the court also rested on a second, independent reason which is dispositive of the issue. Evidence may be introduced resulting from knowledge legally obtained by agents of the government although, in the course of obtaining such knowledge, there was an unlawful seizure. Zap v. United States, 328 U. S. 624, 66 S. Ct. 1277, 90 L. Ed. 1477. There was no claim at trial that the search was illegal. The sole basis for a claim of suppression of the money was the absence of its

mention in the warrant. Even if defendant's counsel had made a timely motion to suppress evidence of the money, only the money itself could be suppressed. The State could and did use its knowledge of the money which is permissible under Zap v. United States, *supra,* regardless of suppression. No prejudice resulted to defendant. Prejudice is an essential element of a claim of ineffective assistance of counsel. State v. Kelly, 190 Neb. 41, 205 N. W. 2d 646.

Defendant also alleges that trial counsel should have attacked the legality of the search itself. A successful attack would have prevented any mention of the money at trial. It seems evident that if the search were illegal and an order suppressing the evidence were granted, the State could not avoid the consequence of the order by introducing testimony as to what was found and not the object itself. State v. Bartlett, *supra.* It is defendant's contention that all searches must be challenged by a motion to suppress even if they may prove fruitless. In support of this argument, defendant relies on United States v. Easter, 539 F. 2d 663 (8th Cir., 1976). In United States v. Easter, *supra,* it was held that the failure of the defense attorney to challenge a warrantless search in defendant's home conducted pursuant to a telephone call from a person unknown to police and only identifying himself as "Victor," constituted ineffective assistance of counsel. Here, the search of defendant's home was pursuant to a warrant. A search pursuant to a warrant is presumed to be valid. Preference is to be accorded a search under warrant over one without a warrant. Churder v. United States, 387 F. 2d 825 (8th Cir., 1968).

No grounds are found in the record upon which trial counsel could have challenged the search nor does the defendant now offer any. Section 3.6 of the A. B. A. Standards relating to The Defense Function states: "(The defense attorney) should consider all

procedural steps which in good faith may be taken, including, for example, * * * moving to suppress illegally obtained evidence * * *.'' To hold that trial counsel adhere to a standard of challenging every search, as defendant suggests, even where no grounds exist to challenge, would negate the good faith requirement. Here, in the absence of any grounds which would be a source for trial counsel's challenge to a search, defendant's contention is merely speculative in nature and must fail. In a post conviction proceeding petitioner has the burden of establishing a basis for relief. State v. Rapp, 186 Neb. 785, 186 N. W. 2d 482. Facts must be alleged which, if proven, would constitute an infringement of constitutional rights. State v. Warner, 181 Neb. 538, 149 N. W. 2d 438.

The defendant next assigns as error the District Court's ruling that the actions of defense counsel at trial fell within the area of trial strategy. Defendant directed the court's consideration to the failure of defense counsel to make a number of evidentiary objections and motions for mistrial. The first alleged instance occurred during the testimony of a vice squad officer who was asked by the prosecutor: ''Q. Can you tell us whether or not the two Glousers are known narcotics dealers---.'' The defendant's attorney objected on the ground of lack of foundation. The objection was sustained and the jury was instructed to disregard the implication. Defendant contends that the prosecutor's question was the basis for a mistrial and the defense counsel should have moved accordingly. We need not reach this issue. On direct appeal, this court decided that this issue was not sufficient ground for a mistrial. State v. Bartlett, *supra*. A defendant who has appealed a conviction cannot secure a second review of the identical proposition examined in that appeal by resorting to a post conviction procedure. State v. Svo-

boda, *ante* p. 452, 259 N. W. 2d 609; State v. Leadinghorse, *supra.*

Defendant further contends that the same vice squad officer was asked what he observed about defendant's associations on a particular day. The officer replied that defendant met with a party who was a known narcotics dealer. Defense counsel's objection was sustained and the jury admonished to disregard the testimony. Defendant's contention that trial counsel should have moved for a mistrial fails in light of this court's ruling that testimony linking defendant with known narcotics dealers, even if improper, is an inadequate ground for a mistrial. No judgment shall be set aside, or new trial granted, or judgment rendered in any criminal case, on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the Supreme Court, after an examination of the entire cause, finds that no substantial miscarriage of justice has actually occurred. State v. Bartlett, *supra.*

Defendant suggests specific areas of testimony where trial counsel failed to object. Examination of the record shows that these contentions are without merit. The decision to object or not to object is part of trial strategy and, accordingly, we grant due deference to the discretion of defense counsel to formulate trial tactics. "Effectiveness of counsel is not to be judged by hindsight." State v. Phillips, 186 Neb. 547, 184 N. W. 2d 639.

The record as a whole discloses that at all times during the trial, defense counsel conscientiously worked to protect the interests of his client. The conduct of counsel meets the "lawyer with ordinary training and skill" test. No prejudice resulted from defense counsel's actions.

The last assignment of error is the failure of the District Court to hold a hearing before denying the post conviction motion to vacate the judgment and

sentence. In a proceeding under the Post Conviction Act, if the trial court finds on examination of its files and records that the proceeding is without foundation, an evidentiary hearing may properly be denied. State v. Nicholson, 183 Neb. 834, 164 N. W. 2d 652. Since the record in the present case clearly indicates that the motion for post conviction relief is without merit, the District Court properly overruled the motion and denied an evidentiary hearing.

The judgment of the District Court is affirmed.

AFFIRMED.