STATE OF NEBRASKA, APPELLEE, V. EMMETT LEE
MACKEY, APPELLANT.

264 N. W. 2d 430

Filed April 5, 1978. No. 41550.

Ronald G. Sutter, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The defendant, Emmett Lee Mackey, was convicted of the felonious entry of a cafeteria in Gage County, Nebraska. He has appealed from the order overruling his motion for new trial. He assigns errors in the proceedings, as follows: (1) That sec-

tion 28-533, R. R. S. 1943, is unconstitutional; (2) that his court appointed counsel was inadequate; (3) that the evidence was insufficient to support the verdict; (4) that the trial court failed to instruct on a lesser-included offense; and (5) that instruction No. 5 given to the jury was erroneous.

The record shows the claim that section 28-533, R. R. S. 1943, was unconstitutional was not raised during the course of the trial but was assigned first in the motion for new trial. We have previously held that a claim of unconstitutionality of a legislative act must be raised at or before the time of trial or it will be considered waived. Presentation of such an issue for the first time in a motion for new trial does not satisfy the requirement that constitutional questions be properly and seasonably asserted. State v. Norwood, 194 Neb. 595, 234 N. W. 2d 601.

The conduct of the defense by counsel for the appellant is criticized because he did not object to certain testimony referring to appellant's conduct as "robbery" on the ground that it was hearsay, that he did not cross-examine one of the complaining witnesses properly, and that he should have called appellant as a witness in his own behalf. The standard by which the adequacy of the conduct of the defense by counsel is measured is that of a lawyer with ordinary training and skill in the criminal law in his area and the extent to which the record shows conscientious protection of the interest of his client. The record fails to indicate any respect in which original counsel for the appellant failed to meet community standards of training and skill in the practice of criminal law. An examination of the record in the light of the specific complaints shows only that counsel used tactics which seemed appropriate to him at the stage of the proceedings when the necessary decisions were made. No disloyalty to the client is shown or contended. After the conclusion of the trial and while the jury was deliberat-

ing, appellant requested the assignment of new counsel, and the request was granted before the motion for new trial was heard. At the hearing on motion for new trial, the new counsel examined his predecessor at length, showing that there were differences of opinion concerning the conduct of the defense.

In State v. Bartlett, 199 Neb. 471, 259 N. W. 2d 917, it was stated: "The decision to object or not to object is part of trial strategy and, accordingly, we grant due deference to the discretion of defense counsel to formulate trial tactics. 'Effectiveness of counsel is not to be judged by hindsight.' State v. Phillips, 186 Neb. 547, 184 N. W. 2d 639." The claim of inadequacy of counsel is not supported by the record.

Next, appellant argues the insufficiency of the evidence to go to the jury or to support the verdict. Lawrence Lambert, the owner of the cafeteria, and his wife, Norma, testified that on October 21, 1976, they were sitting therein. The cafeteria was closed, except that they expected a late-arriving customer. At one end of the main dining room, there was a balcony used for office purposes, access to which was by a stairway from the kitchen. Mrs. Lambert saw the appellant standing on the balcony, holding a bag in which the day's cash receipts were kept, and looking at or handling the contents; and she called the police while Mr. Lambert accosted the appellant who had returned the bag to the file drawer in which it had been kept, and descended the stairway to the kitchen. Appellant apparently entered through the back door, since neither of the Lamberts had seen him come through the front door used by their customers. Appellant stated to Mr. Lambert that he had not taken anything, but had been looking for a telephone. There was no telephone in the office area, and the appellant had used a telephone book in a nearby beauty shop a few minutes previously.

Officers arrested appellant just outside the building. The State charged the appellant with felonious entry and an attempt to steal. When the total situation described by the witnesses is considered, it is clear that the evidence was sufficient to take the case to the jury.

The circumstances of the entry upon the premises by a door not intended for public use, the presence of appellant in an office area, the opening of a filing cabinet drawer and removal of the money bag therefrom, and appellant's declaration that he was looking for a telephone in a place where there was none are sufficient to furnish rational support for a verdict of the jury. State v. Harig, 192 Neb. 49, 218 N. W. 2d 884. The trial court was correct in overruling the motion for dismissal and submitting the case to the jury.

The appellant requested that the trial court submit to the jury a charge of trespass, as a lesser-included offense. The trial court denied the request and refused the instruction submitted as a part of appellant's requests. A lesser-included offense is one with such elements that the commission of the greater offense is also a commission of the lesser, without the addition of any element irrelevant to the greater. State v. Bernth, 196 Neb. 813, 246 N. W. 2d 600; State v. Colgrove, 197 Neb. 375, 248 N. W. 2d 780. In a prosecution for trespass under section 28-588.01, R. R. S. 1943, the State is required to negate two exceptions: That the entry was "other than in an emergency" and that defendant had entered "without being invited, licensed or privileged to do so." These exceptions are entirely irrelevant to the offense defined in section 28-533, R. R. S. 1943. The requested instruction was correctly refused.

Instruction No. 5, given to the jury, submitted the following elements of the offense charged:

"1. That the defendant did wilfully and maliciously, in the daytime, enter a kitchen, towit, the

Homestead Cafeteria, intending at that time to steal property therein;

"2. That having entered said premises, the defendant attempted to steal and carry away personal property belonging to Lawrence S. Lambert; and

"3. That the aforesaid occurred on or about October 21, 1976, in Gage County, Nebraska."

Appellant argues that the combination of the references to an "intent" to steal and an "attempt" to steal allowed the jury to draw an improper inference that a subsequent attempt to steal might show a previous intent to steal, existing at the time of the entry. This argument overlooks the duty of the jury to consider and weigh all the testimony in reaching its findings upon the several issues submitted by the court. There is nothing in the instruction which suggested to the jury that an "attempt" to steal indicates an "intent" at any specific previous time. The jury was left free to reach a possible finding that the initial entry was proper and free from intent, but that a later attempt to steal resulted from a decision and intention formed subsequent to entry. The instruction given by the trial court follows our statements and holding in State v. Baker, 183 Neb. 499, 161 N. W. 2d 864.

None of the assignments of error can be sustained. The judgment of the trial court is affirmed.

AFFIRMED.