STATE OF NEBRASKA, APPELLEE, V. STEVEN A. AUGER, APPELLANT.

294 N.W. 2d 379

Filed July 8, 1980. No. 42998.

Steven Van Ackeren, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

The defendant, Steven A. Auger, has appealed to this court from a denial of his motion for post conviction relief. The District Court for Douglas County, Nebraska, found that the issue raised in the defendant's motion had been raised on direct appeal and denied the motion without an evidentiary hearing. We affirm.

Auger was convicted, following trial to a jury, of the crimes of robbery, assault with intent to inflict

great bodily harm, and auto theft. He was thereafter sentenced to 5 to 10 years on the robbery count, 5 to 10 years on the assault count, to be served consecutively with the previous sentence, and 1 year on the auto theft count, to be served concurrently with the previously mentioned sentences. Auger appealed the convictions to this court following sentencing, raising as error that he had been denied effective assistance of counsel due to counsel's failure to object to certain testimony with regard to the use of mug shots. We affirmed the convictions and sentences. See *State v. Auger & Uitts*, 200 Neb. 53, 262 N.W.2d 187 (1978).

Thereafter, Auger filed his motion for post conviction relief, in which he contended that he was denied effective assistance of counsel because of his counsel's failure to object to the introduction of certain items of physical evidence because of failure to establish a chain of custody. The District Court, "after having read the bill of exceptions and transcript of proceedings of the defendant's original trial," denied Auger's motion without an evidentiary hearing. In so ruling, the District Court stated:

> Although the specific issues now raised with regard to incompetency of counsel are different than those raised in the direct appeal, the defendant cannot on a subsequent appeal change factual matters when the entire issue as now raised for the basis of defendant's charge of incompetency were known at the time the defendant filed his direct appeal.

Auger has appealed to this court, assigning a single error to the proceedings below. He contends that the failure of the State to furnish him an attorney for the direct appeal wherein the issue of effective assistance of counsel was determined amounted to a denial of his right to counsel as granted by the sixth amendment to the United States Constitution.

We are admittedly at a loss to understand how this issue arose. Nevertheless, for the reasons set forth below, we affirm the decision of the District Court.

In his motion for post conviction relief, Auger contended that he was denied effective assistance of counsel because his counsel failed to object to the introduction of certain evidence on "chain of custody" grounds. "A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated." *State v. Lincoln*, 186 Neb. 783, 784, 186 N.W.2d 490, 490-91 (1971). See, also, *State v. Oziah*, 198 Neb. 423, 253 N.W.2d 48 (1977). As he did on his direct appeal, Auger contends that his counsel was ineffective because he failed to object to the introduction of certain evidence. On direct appeal, we found his contention to be without merit, stating that Auger had the burden of proof to establish incompetence of counsel.

> The failure of defendants' counsel to object to the single reference to mug shots by officer Haley does not rise to the standard enunciated in State v. Bartlett, *supra* [199 Neb. 471, 259 N.W.2d 917 (1977)], and State v. Leadinghorse, *supra* [192 Neb. 485, 222 N.W.2d 573 (1974)], so as to constitute ineffective assistance of counsel.

*Auger & Uitts, supra* at 56, 262 N.W.2d at 190. We believe that the District Court was correct in finding that the issue of effective assistance of counsel was fully litigated in the direct appeal and properly denied Auger relief.

However, even assuming *arguendo* that a new issue was raised by his motion for post conviction relief, we do not believe that Auger is entitled to relief. Auger's sole claim for relief is that his counsel failed to object to the introduction of certain evidentiary items. "The decision to object or not to object is part of trial strategy and, accordingly, we grant due

deference to the discretion of defense counsel to formulate trial tactics. 'Effectiveness of counsel is not to be judged by hindsight.' State v. Phillips, 186 Neb. 547, 184 N. W. 2d 639 [1971].'' *State v. Bartlett,* 199 Neb. 471, 476, 259 N.W.2d, 917, 921 (1977). See, also, *State v. Ondrak,* 186 Neb. 838, 186 N.W.2d 727 (1971). We have reviewed the record of the trial in this matter and have concluded that the defense counsel provided effective assistance, especially in light of the above rule.

Our review of the record convinces us that no break in the chain of custody occurred in this matter. The items of which Auger complains were shown to have been placed in the evidentiary locker of the Omaha police department, removed and transported to Lincoln for testing, transported from Lincoln to the evidentiary locker, and removed from the evidentiary locker and taken to the trial in substantially the same condition. Care and custody over the items was established at all times. The record is devoid of any break in the chain of custody of the items introduced and accepted as evidence at trial. Auger's claim is simply without merit. The District Court was correct in denying Auger relief in this matter.

As previously mentioned, Auger assigned as error the failure of the State to furnish him counsel on direct appeal of his conviction and sentence. Assuming *arguendo* that the issue was properly presented below, we hold that Auger was not denied effective assistance of counsel on appeal. The transcript of the direct appeal reveals that counsel was appointed for Auger following his request for the same. Subsequently, the court-appointed counsel filed a motion to withdraw pursuant to Neb. Ct. R. 1.e.(1), together with a brief in support thereof which concluded that the appeal was frivolous and without merit. Auger was notified of the motion to withdraw, served with copies of the motion and the brief, and given 30 days

to respond. His sole response was to request an extension of the brief date for the reason that he was preparing his own brief on appeal. He did not challenge the motion, nor did he request the appointment of new counsel, but chose instead to handle his own appeal on its merits.

It is well recognized that an indigent defendant has a right to receive the assistance of counsel on direct appeal as well as at trial of a criminal proceeding. See, *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976); *Douglas v. California*, 372 U.S. 353 (1963), *rehearing denied*, 373 U.S. 905 (1963); *Anders v. California*, 386 U.S. 738 (1967), *rehearing denied*, 388 U.S. 924 (1967). However, it is also true that a defendant can waive his right to counsel. See *Johnson v. Zerbst*, 304 U.S. 458 (1938). We believe that such a waiver occurred herein. Auger had opportunity to request the appointment of further counsel and failed to do so. He also had opportunity to object to the withdrawal of his first counsel, which he failed to do. Instead, Auger requested an extension of brief date and filed a brief, prosecuting the appeal *pro se*. We conclude that such actions amounted to a knowing and intelligent waiver of his right to counsel on appeal.

Having found no ground upon which the relief requested should be granted, we affirm the action of the District Court.

AFFIRMED.