STATE OF NEBRASKA, APPELLEE, V.
RICHARD COLGROVE, APPELLANT.

299 N.W.2d 753

Filed December 12, 1980.   No. 43454.

John K. Sorensen for appellant.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Richard Colgrove, appeals from a judgment entered by the District Court for Scotts Bluff County, Nebraska, denying appellant's motion for post conviction relief. Our examination of the record, both in the post conviction hearing and in the original trial, offered in support of appellant's request for post conviction relief, discloses that the claims made herein are totally without merit and the judgment of the District Court denying post conviction relief is affirmed.

The appellant was convicted of first degree sexual assault. He now bases his claim for post conviction relief on alleged inadequacy of counsel, and to estab-

lish the inadequacy of counsel claims that counsel (1) Failed to call an important witness necessary to establish an alibi, and (2) Failed to object to the introduction of certain photographic exhibits offered by the State. As we have already indicated, the claims are totally without merit and the judgment denying post conviction relief should be affirmed.

Throughout the original trial, the appellant maintained that he was not guilty of the crime charged and was not with the prosecutrix during the time in which the crime is alleged to have occurred. He maintains that he was elsewhere during a critical 1-hour period when the assault is to have taken place and that the witness, Gary Kreiling, could have established his alibi had he been called. The evidence discloses that appellant's original counsel did, indeed, interview Kreiling about establishing the alibi and subpoenaed him for trial as a witness. Original trial counsel, however, concluded just before calling Kreiling as a witness that his testimony would do more harm than good. An examination of the record made at the post conviction hearing supports that position.

Appellant's original counsel testified at the post conviction hearing that he talked to Kreiling about the alibi. While Kreiling now claims he was willing to establish an alibi, the statements made by Kreiling to appellant's original counsel would not have supported such a claim. Appellant's original counsel testified that he spoke to Kreiling and advised him that what would be necessary to establish an alibi was testimony that appellant was at a certain place from and after about 1:15 a.m. on the day in question. Specifically, appellant's original counsel testified as follows: "So I approached him [Kreiling] and said, 'Can you testify to the idea that Dick was at the alibi location, Fred's Place, from 1:15 until 2:30 when Dick said he had left.' And he said, 'I remember him being there but I can't honestly tell you when it was. I have no clear recollection. I had been drinking that evening and I really don't know what time he was there.'"

Kreiling was then called to testify. He maintained at the post conviction hearing that had he been called to testify at the original hearing, he would have unequivocally established the fact that appellant was at Fred's Place during the critical times. However, he testified as follows:

"Q. Do you remember anything about the conversation with [appellant's original counsel]?

"A. Boy, not very much.

"Q. Did you tell him that you had seen Richard Colgrove that night?

"A. Yeah.

"Q. Right now, today, do you recall, as you're testifying right now do you recall what you told [original counsel] with respect to when you saw Mr. Colgrove?

"A. Not for sure.

"Q. Is there anything that you can recall today that helps you in knowing what time it was that you got home that night?

"A. It seems like the bar was just about ready to close.

"Q. Was there anything else that enables you or assists you in recalling what time it was that you actually got to your home?

"A. No."

Likewise, Kreiling testified on cross-examination that he did not have a watch with him that night and that the area where the parties were supposedly present was a vacant lot. There is simply nothing in the record to support the claim that appellant's original counsel had not properly investigated what the witness Kreiling would have said and whether it would have been of any particular benefit.

Other witnesses who appellant wanted called allegedly would have testified that appellant had sexual relations with the prosecutrix on earlier occasions. However, consent was not an issue. It was clear from the evidence that the prosecutrix had been attacked. In view of appellant's claim that he was not with the

prosecutrix when the attack occurred, evidence of previous sexual acts with the prosecutrix would have been irrelevant. The failure to call witnesses whose testimony would be irrelevant certainly cannot establish inadequacy of counsel.

With regard to the matter of the photographs, appellant maintains that the original trial counsel failed to adequately represent the appellant because he did not object to the introduction of some eight photographs in evidence. The record, however, amply supports the position that there was adequate foundation laid for the introduction of all of these exhibits and that, had any objection been made, the objection would have been overruled. Appellant does not, in any manner, suggest to us how the introduction of these exhibits was in error or how they prejudiced the appellant. He merely claims that because appellant's counsel did not go through the motions of objecting to the introduction of the exhibits, he failed to provide adequate counsel. The record discloses, as a matter of fact, that appellant's original counsel had unsuccessfully objected to seven earlier exhibits and that it was apparent that the trial court would not sustain any possible objection to the remaining eight exhibits. As a matter of fact, the objections were simply calling further attention to the exhibits and it may very well have been the conclusion of appellant's original counsel that to continue interposing baseless objections would do more harm than good. As we have already indicated, appellant does not, in any manner, suggest to us how the exhibits were not admissible in evidence or what benefit interposing an objection would have produced. Likewise, our own examination of the exhibits and the record fails to disclose how objecting would have served any useful purpose. As with the claim of failing to call the witness Kreiling, we find no merit in this objection either.

We have frequently said that the standard for determining whether counsel for defendant in a criminal

prosecution has adequately represented his client is whether trial counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law in his area and conscientiously protected the interests of his client. See, *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978); *State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977). Likewise, we have declared that, where one maintains that counsel was inadequate, one must likewise show how or in what manner the alleged inadequacy prejudiced one. *State v. Harlan*, 205 Neb. 676, 289 N.W.2d 531 (1980). And, further, we have declared that the person challenging the competency of counsel has the burden of proof to establish the counsel's incompetence. *State v. Kelly*, 190 Neb. 41, 205 N.W.2d 646 (1973). Our examination of both the record made in the post conviction hearing and the trial itself fails to disclose how or in what manner original counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area; or how or in what manner he failed to conscientiously protect the interests of his client. It is clear that, in a number of these areas, original trial counsel simply exercised the judgment which must be exercised by the trial counsel in establishing trial techniques. Obviously, if the decision to proceed in a particular manner provides a favorable result, the decision is thought to be one of good trial tactics; while if it produces an unfavorable result, one may claim that the tactic selected was not adequate. Nevertheless, we have already said that effectiveness of counsel is not to be judged by hindsight. *State v. Mackey*, 200 Neb. 549, 264 N.W.2d 430 (1978). We find nothing in the record to support a claim that counsel was inadequate. The failure to call witnesses to establish the appellant's alibi was not due to the fact that counsel was inadequate, but rather to the fact that there simply was no reliable evidence to establish the alibi. Likewise, the decision to object or not to object to the introduction of evidence is a part of trial

strategy and, accordingly, we grant due deference to the discretion of defense counsel to formulate trial tactics (see *State v. Bartlett, supra*), particularly where, as here, it appears no valid objections exist.

The claims now made by appellant in attacking the performance of his original counsel are totally unsupported in the record and wholly without merit Quite to the contrary, the record discloses that original counsel did everything that could have been done under the circumstances. To be sure, he had an extremely difficult client; nevertheless, he did perform adequately and it is regrettable that such unfounded claims are now made. The judgment of the trial court is affirmed.

AFFIRMED.