STATE OF NEBRASKA, APPELLANT, V.
GEORGE BARTLETT, APPELLEE.

317 N.W.2d 102

Filed March 19, 1982. No. 44530.

Donald L. Knowles, Douglas County Attorney, and Robert C. Sigler for appellant.

J. William Gallup for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is the third appearance of this case in this court.

In 1975 the defendant, George Bartlett, was convicted of possession of heroin with intent to deliver and sentenced to imprisonment for 20 to 30 years as an habitual criminal. That judgment was affirmed in *State v. Bartlett*, 194 Neb. 502, 233 N.W.2d 904 (1975).

In 1976, after a codefendant, John Davis, had been sentenced, the defendant sought post conviction relief on the ground that he had been denied effective assistance of counsel. The judgment denying post conviction relief was affirmed in *State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977).

In 1978 the defendant filed a petition in the U.S. District Court, alleging that he had been denied effective assistance of counsel and seeking relief under the federal habeas corpus act, 28 U.S.C. § 2254 (1976). The petition alleged eight separate instances in which omissions of trial counsel allegedly violated the defendant's rights under the sixth amendment to the Constitution of the United States. The U.S. District Court found that the defendant had exhausted his

state court remedies as to six of the alleged omissions and the State had waived the exhaustion requirement as to the other two.

At the trial on the information in the District Court of Douglas County, there was testimony which on several occasions associated the defendant with Larry Glouser. During the evidentiary hearing on the habeas corpus petition in the federal District Court, testimony was elicited concerning a juror, Ted Moscrey, who knew of the reputation of Larry Glouser as a drug pusher. Only a small portion of the record in the federal court relating to this issue is included in the record before us. The federal District Court held there had been no exhaustion of state court remedies as to the failure of trial counsel to strike the informed juror on voir dire. The petition was then dismissed without prejudice.

On September 6, 1979, the defendant again filed a motion for post conviction relief in the District Court of Douglas County, Nebraska. The motion set out the eight grounds alleged in the federal habeas corpus petition plus the failure to strike the juror Moscrey on voir dire. On September 3, 1980, the motion was amended to allege selective prosecution resulting in a denial of due process and equal protection because the codefendant, John Davis, had not been prosecuted and sentenced as an habitual criminal.

On July 29, 1981, the trial court held that the failure to charge the codefendant Davis as an habitual criminal, when both defendants were similarly situated so far as the evidence, culpability, and past records were concerned, was an abuse of prosecutorial discretion which entitled the defendant to post conviction relief. The trial court then vacated the defendant's sentence and resentenced him to 10 years' imprisonment with credit for time already served. From that judgment the State has appealed.

On September 4, 1981, the defendant moved to dismiss the appeal on the ground the notice of appeal

had been filed out of time. The motion was based on the theory that an order dated March 13, 1981, was the final order from which the State should have appealed. In that order the trial court found that the defendant "should be granted post conviction relief" and ordered that he be returned to Douglas County for a hearing on March 20, 1981. The March 13 order granted no relief and was not a final order. The order which vacated the sentence was made on July 29, 1981, and was the final order from which an appeal could be taken. The motion to dismiss is overruled.

The record shows that the codefendant Davis had a lengthy criminal record. Both the defendant and Davis had been charged as habitual criminals, and the cases had been consolidated for trial. Davis escaped during the second day of the trial, and the trial continued only as to Bartlett.

After Davis was apprehended he entered a plea of guilty, and the habitual criminal charge was dismissed. On May 12, 1975, Davis was sentenced to imprisonment for 10 years.

If we assume that Davis and the defendant were equally culpable and had similar criminal records, the fact that Davis was not charged and sentenced as an habitual criminal does not entitle the defendant to post conviction relief. Abuse of prosecutorial discretion, as a violation of constitutional rights, requires proof of intentional and purposeful discrimination based on impermissible considerations such as race, religion, or the desire to prevent the prisoner from exercising his constitutional rights. See, *United States v. Berrios*, 501 F.2d 1207 (2nd Cir. 1974); *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976); *United States v. Ojala*, 544 F.2d 940 (8th Cir. 1976); *United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979). There is no evidence of selective prosecution for such impermissible considerations in this case.

In *State v. White*, 209 Neb. 218, 228-29, 306 N.W.2d

906, 913 (1981), we said: "The defendant's last assignment urges that the habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 1979), is unconstitutional as applied and violates the due process clause of the U.S. Constitution because the prosecutor's discretion as to whether or not to file the habitual criminal count in a particular case is not subject to statutory standards or judicial review. The full scope of the defendant's argument is set forth in Note, *A Closer Look at Habitual Criminal Statutes*, 16 Am. Crim. L. Rev. 275 (1979). Neither the defendant nor the author of the article cites any case authority to support the proposition. We have rejected similar arguments. *State v. Martin*, 190 Neb. 212, 206 N.W.2d 856 (1973). The Supreme Court of the United States, in *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978), has said: 'In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."' There is no evidence in the record to indicate that the discretion in this case was based upon any such unjustifiable standard."

In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978), during plea negotiations, the state prosecutor threatened to reindict the defendant on habitual criminal charges if he did not plead guilty to forgery, the offense with which he was then charged. The defendant pleaded not guilty and was then charged and convicted as an habitual criminal. The U.S. Supreme Court held the defendant's

right to due process had not been violated by the use of the habitual criminal charge in an attempt to induce a guilty plea "so long as the accused is free to accept or reject the prosecution's offer." *Id.* at 363. The court stated further: "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' . . . [S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' *Oyler v. Boles,* 368 U.S. 448, 456. To hold that the prosecutor's desire to induce a guilty plea is an 'unjustifiable standard,' which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself." *Id.* at 364-65.

The record in this case does not support the order vacating the defendant's sentence on the ground of abuse of prosecutorial discretion.

The defendant's claim of ineffective assistance of counsel based on the failure to strike the juror Moscrey is grounded on the fact that trial counsel knew that Moscrey had a strong dislike for Larry Glouser and the defendant's assertion that counsel knew the State's evidence would show that the defendant and Glouser were closely associated. The record before

us contains only a small portion of the testimony in the federal court proceeding. Trial counsel testified that a part of the trial strategy was to keep references to the Glousers out of the evidence as much as possible. To some extent this strategy was successful.

Trial counsel testified at the post conviction hearing that he had known Moscrey personally for 20 years or more, and that he felt Moscrey would be a fair and impartial juror. As a matter of trial strategy, counsel decided to challenge an employee of the police department rather than Moscrey. According to counsel, the defendant agreed to take counsel's judgment in the matter.

Counsel now concedes, as a matter of hindsight, that his decision not to strike Moscrey may have been in error. Effectiveness of counsel, however, is not to be judged by hindsight. *State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977); *State v. Phillips*, 186 Neb. 547, 184 N.W.2d 639 (1971).

The defense of Bartlett was not an easy task. His criminal record, as shown in the presentence report, commenced at the age of 10. Bartlett had been convicted of five felonies and sentenced to imprisonment for more than 25 years prior to this prosecution.

The trial counsel was an experienced trial lawyer with experience in both civil and criminal cases. Although the jury found the defendant guilty after deliberating for 1½ days, counsel's trial strategy had been successful, at least in part, in preventing the State from introducing highly incriminating evidence against the defendant.

We think the record as a whole, including the matters considered in the previous appeal, fails to show that trial counsel's performance, measured against that of a lawyer with ordinary training and skill in the criminal law in his area, was inadequate. If errors of judgment, which occur in most trials, are to be grounds for voiding convictions, few prosecutions

will meet the test.

As we have previously observed, defense counsel conscientiously worked to protect the interests of his client and his conduct met the "lawyer with ordinary training and skill" test.

The judgment of the District Court is reversed; the sentence imposed July 29, 1981, is vacated; and the cause remanded with directions to reinstate the sentence of 20 to 30 years' imprisonment imposed on January 22, 1975.

REVERSED AND REMANDED WITH DIRECTIONS.