STATE OF NEBRASKA, APPELLEE, V. BRUCE GLASENAPP, APPELLANT.

321 N.W.2d 450

Filed July 2, 1982.   No. 81-685.

Bruce Glasenapp, pro se.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This appeal arises from an application to the District Court for Douglas County for post conviction relief under the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). The District Court denied an evidentiary hearing and the relief requested on the ground that the files and records in the case showed that the applicant was entitled to no relief. § 29-3001; *State v. Gero,* 186 Neb. 379, 183 N.W.2d 274 (1971).

On March 12, 1980, the defendant entered a plea of nolo contendere to a charge of manslaughter and on July 25, 1980, was sentenced to imprisonment for a term of 10 years. On direct appeal to this court we affirmed the conviction under Neb. Ct. R. 1.e.(1) (Rev. 1977) on the ground that the appeal was frivolous.

Section 29-3001 affords relief where there has been a denial or infringement of the rights of the prisoner which renders the judgment void or voidable under the Constitution of this state or the Constitution of the United States. *State v. Miles,* 194 Neb. 128, 230 N.W.2d 227 (1975). In order to state a cause of action, the application for relief must allege facts which, if proved, constitute an infringement of the prisoner's constitutional rights. Allegations which are mere conclusions are insufficient. *State v. Warner,* 181 Neb. 538, 149 N.W.2d 438 (1967).

In addition to alleging various legal conclusions, the application in this case makes the following factual allegations which defendant apparently urges constitute a showing that he was deprived of effective assistance of counsel before and during the proceedings leading up to his conviction: (1) The

defendant's appointed counsel did not fully investigate the circumstances "in which [the] crime was comitted [sic]," and he failed to call the defendant to testify in his own behalf. (2) The defendant was taken to court while under powerful medication for extreme arthritis pain. (3) Defense counsel erroneously told the court at the arraignment that the defendant "is not going to be able to give the court a factual basis on what happened." (4) Mr. Hattery, a state witness, was not called to testify and counsel did not question this witness. (5) Facts which, depending upon details of proof, might constitute a defense of self-defense.

The inference to be drawn from the foregoing allegations is that the defendant contends he is innocent of the charge of which he was convicted and that his attorney served him badly by permitting him to plead nolo contendere. The record of the arraignment proceedings contradicts such a conclusion.

Defendant was first charged with second degree murder. The charge was, as part of a plea bargain, reduced to manslaughter. The record of the arraignment proceedings establishes without any question that defendant participated very alertly in those proceedings and that his plea was knowingly and voluntarily entered, following a full and complete explanation of the nature of the charge, the possible penalties, and his various constitutional rights.

The record further affirmatively establishes that defense counsel advised defendant that in his opinion statements the defendant had given to the police could not be used against him; that a serious question existed concerning the legality of the search which produced the shotgun used in the killing, found in the defendant's room, and its subsequent admission into evidence; and that defendant, after discussing these matters with counsel, waived the

right to suppression hearings on those issues. Defendant acknowledged that he was intoxicated at the time of the shooting, that counsel discussed the extent to which the intoxication might constitute a defense, and that defendant understood the import thereof. He nonetheless entered his plea of nolo contendere.

Defendant was present when the State outlined to the court the nature of its proof which was based upon eyewitness testimony. This outline indicated that one witness was present in the defendant's hotel room with defendant, that he saw defendant take the loaded shotgun from his room and go into the hallway, that he saw defendant point the weapon and pull the trigger, and that he heard the discharge. He also heard the defendant say that "he was going to shoot that son of a bitch," or something to that effect. Another witness, a hotel clerk who was familiar with defendant's voice, heard a voice which she recognized as that of the defendant say, "I am going to kill that nigger." Immediately thereafter, she heard the gunshot. The victim was found dead of gunshot wounds in the stomach in the hallway a short distance outside defendant's room. He appears to have been passing down the hallway at the time he was shot. Defendant has furnished, in connection with his application, a diagram showing the position where the body was found in the hallway a short distance outside defendant's room. Defendant heard the State's explanation of its evidence and was immediately thereafter asked by the court, "Do you have any questions at this time, Mr. Glasenapp, anything you wish to ask about anything that has happened either here today or at any time since your arrest on this charge?" to which defendant responded, "I don't believe so, Your Honor."

Previously, defendant heard his own counsel's explanation that, in the light of counsel's review of the evidence, defendant was pleading guilty to the re-

duced charge because he believed it was in his own interest to do so. Defendant was then asked by his own counsel whether he agreed with that. He responded, "Yes. We discussed that this morning."

The record affirmatively establishes that the defendant is entitled to no relief. The court did not err in denying an evidentiary hearing on the application.

AFFIRMED.