STATE OF NEBRASKA, APPELLEE, v. MARDEN MAYES,
APPELLANT.

212 N. W. 2d 621

Filed December 7, 1973.   No. 39081.

Renne Edmunds, for appellant.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals from the denial of post conviction
relief.  He assigns as error the failure of the trial court
to find that his plea was not voluntary and the dismissal
of his motion for post conviction relief.  We affirm.

Defendant, who was represented by counsel, pled
guilty to a charge of forgery, and was sentenced to a
term of 8 years in the Nebraska Penal and Correctional
Complex on June 22, 1972.  In his post conviction ap-
plication, he makes two basic contentions:  (1) That
as a part of a plea bargain he was promised a sentence
of no more than 5 years, which promise was not kept;
and (2) that his plea of guilty was made under a threat
by the State to file an habitual criminal charge, which
charge was not brought because he entered the guilty
plea.  There is no merit to either claim.

The only evidence as to a bargain for 5 years is de-
fendant's own statement.  The testimony of his attorney
on cross-examination is as follows:  "Q.  It was brought
to the Court's attention that there was a plea bargain
at the time of the plea?   A.   Yes, sir.   Q.   And just

for the record again, will you tell us what the plea bargain was? A. The plea bargain was that the auto theft would be dismissed and that Mr. Mayes would plead to the forgery charge. Q. There was no discussion of any certain amount of years that Mr. Mayes was to receive? A. No, sir. Q. You never indicated to Mr. Mayes that he was going to get a definite 'X' number of years, did you? A. No, I did not. Q. Did you give him a best guess as to what he might get? A. No."

At the time of the acceptance of the plea, the defendant was specifically asked whether any promise had been made to him as to a possible sentence. The proceedings show the following: "THE COURT: Have any promises been made to you at all as to what the possible sentence may be? THE DEFENDANT: None other than the dismissal of the other charge."

Defendant's next allegation is that he was coerced by the possible filing of an habitual criminal charge. At the time of the filing of the forgery information defendant could well have expected an habitual criminal charge. None was filed. The record does not substantiate defendant's claim that this was a part of the plea bargain. A charge of auto theft was pending against defendant at the time of the bargain, and the evidence indicates that he withdrew his original plea of innocent and pled guilty to forgery in return for the State's agreement to drop the auto theft charge. The testimony on the withdrawal of the plea is as follows: "THE COURT: It is my understanding you wish to withdraw your plea of not guilty, is that correct? THE DEFENDANT: I was arraigned also on auto theft, Your Honor, and I think there is a Stipulation about that, isn't there? MR. CULLAN: Yes. We will get into that in a minute. THE COURT: I understand there is a plea bargain, if you enter your plea to forgery, the auto theft charge will be dismissed. THE DEFENDANT: Yes. I have discussed it and I would enter a guilty plea to the forgery charge. THE COURT: Mr. Cullan, are you

convinced this proposed plea here today, after your discussion with him, is a free, intelligent, and a voluntary plea? MR. CULLAN: Yes, I am, Your Honor. THE COURT: And are you convinced that there is a factual basis for this forgery charge? MR. CULLAN: Yes, Your Honor."

Defendant's trial counsel testified as follows: "Q. Mr. Cullan, the plea bargain that was struck between you and Mr. Slusky was followed, was it not? A. Yes. Q. It was brought to the Court's attention that there was a plea bargain at the time of the plea? A. Yes, sir. Q. And just for the record again, will you tell us what the plea bargain was? A. The plea bargain was that the auto theft would be dismissed and that Mr. Mayes would plead to the forgery charge. * * * Q. This discussion about the habitual criminal charge being filed, was it not your testimony in response to Mr. Edmunds' questions that Mr. Slusky told you that he didn't intend to file it? A. That's correct. Q. So you didn't go to Mr. Mayes and try to coerce a plea from him by telling him that, you didn't say that Mr. Slusky was going to pile it on? A. No, I told him Mr. Slusky was not going to file habitual criminal charges. Q. So that would not have been a consideration then, would it? A. I didn't think it was at the time. Q. You had definitely told him that this wasn't in the picture, that they weren't going to file? A. That's correct. Q. So the only negotiations then had to do with the dropping of the auto theft charge, plea to the forgery with no recommendation from the County Attorney as to any number of years, is that correct? A. That's correct. Q. And isn't this all reflected in the transcript of the plea? A. Yes, it is."

There is no merit to any of defendant's contentions. With eight previous convictions, he was no stranger to criminal proceedings. We are convinced that his plea was voluntary. He was represented by competent counsel and his rights were fully protected. Actually, the

sentence he received on the forgery conviction was only 1 year more than he received for the same crime in 1967. See State v. Mayes (1968), 183 Neb. 165, 159 N. W. 2d 203.

Where the record discloss that a plea of guilty was understandingly and voluntarily entered, it is not subject to post conviction relief. State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763.

The judgment denying post conviction relief is affirmed.

AFFIRMED.