STATE OF NEBRASKA, APPELLEE, v. RODDESS M. MAYS, APPELLANT.

279 N. W. 2d 146

Filed May 22, 1979. No. 42127.

Dennis R. Keefe of Naylor & Keefe, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

The defendant-appellant, Roddess M. Mays, was charged by information in the District Court of the crimes of grand larceny and of furnishing false information to a law enforcement officer. The jury returned a verdict of guilt on both counts. Defendant appeals. The factual context of this case is somewhat complicated.

On October 25, 1977, the defendant, Roddess M. Mays, who was separated from her husband Michael, reported an engagement-wedding ring as stolen to Officer Ginsberg of the McCook police department. The date of the alleged theft was noted as October 11, 1977. On November 19, 1977, Officer Ginsberg was given a green metal box by one Jeanette Hansen, a friend of the defendant, who testified that the box was given to her by the defendant. The contents of the box were inventoried at the police department. In addition to a ring, which appeared similar to the one which the defendant had reported as missing, the box also contained three other rings. Jeanette Hansen testified that all of the contents in the box were present at the time the rings were surrendered to her by the defendant. The defendant testified there were no rings other than her own rings in the box when it was given to the witness Hansen. At trial, there was evidence which would have allowed the jury to find that the three rings, other than that which is acknowledged to have belonged to the defendant, had been in the custody of

one Chester Johnson, doing business as Johnson's Jewelry, earlier in the year 1977. Mr. Johnson positively identified one of the rings as that which had been left at the store for repair by John Jones. The ring belonged to Jones' wife. When Jones left it at the store it had a value of $1,500. When it was turned over to the police, and at the time of trial, the diamond stone was missing. Without the stone, its value, according to Johnson, was approximately $300. The other two rings were new and of a type that was sold by Johnson's Jewelry and at no other jewelry stores in the vicinity of McCook, Nebraska.

The defendant had worked for Johnson's Jewelry store from January to August 1977. Chester Johnson testified that it was the practice in his store to keep only one of a kind of a particular ring set in stock at any one time; that on the receipt of new merchandise, he would fill out a card with a description of the ring and when the ring was sold, he would transfer it to a "sold" file; that he was confident he should have had in stock such rings as were found in the green box but that the cards which would have been expected to be in the inventory file or the sold file were not present in his store. Johnson's testimony clearly permitted an inference that the rings had been surreptitiously removed from his store by Roddess M. Mays sometime during the period of her employment.

Defendant argues that the information filed by the State was fatally defective. The information filed in this case charged that: "Roddess M. Mays, late of the county aforesaid, did, between January 1, 1977, and August 31, 1977, in the County of Red Willow and State of Nebraska aforesaid, feloniously steal money, goods, or chattels of a value greater than $300.00, the personal property of *Jack Jones and Johnson's Jewelry*, contrary to Neb. R. R. S. 28-506; * * *." (Emphasis supplied.) The defendant's argument is two-pronged: First, that sections 29-1603

and 29-2002, R. R. S. 1943, require that separate offenses be set out in separate counts of an information, while in this information, the defendant is, in effect, being charged with the theft of property from Jack Jones and the theft of property from Johnson's Jewelry. Second, that in any event, there is no showing that Johnson's Jewelry is an entity capable of owning property. As to the first point, the facts and information relied on by all parties to the action suggest that the stolen rings were owned by or were in the possession of (as bailee) Chester Johnson, doing business as Johnson's Jewelry. The addition of Jack Jones' name to the information as the owner who had surrendered possession of a dinner ring for repair to Johnson's Jewelry as bailee was superfluous but not prejudicial since, in any event, an information which charges theft from the person in the actual possession of personal property is sufficient. See, State v. Nelson, 182 Neb. 31, 152 N. W. 2d 10; Lovejoy v. State, 130 Neb. 154, 264 N. W. 417.

As to the second point, it is admitted the evidence does not disclose that Johnson's Jewelry is either a partnership, corporation, or anything else other than a name under which Chester Johnson did business. Although not directly on point, the case of State v. Siers, 197 Neb. 51, 248 N. W. 2d 1, is instructive. In that case, the information under which the defendant was charged read that the defendant did "unlawfully convert to his own use and embezzle said money, without the consent of said Pathfinder II Ltd., a limited partnership, his principal, * * *." There was no evidence that Pathfinder II, Ltd., had ever achieved any legal existence or that it was an entity capable of owning property. In quoting from Straub v. People, 145 Colo. 275, 358 P. 2d 615, this court said: " 'The name of the owner of property stolen is material only to the extent it serves a descriptive purpose. Another is to show that it is not the property of the accused, and that the accused

may know whose property he is alleged to have stolen so that he may be prepared to meet or refute the charge at the trial. And, where the identity of the alleged owner is sufficiently established and the defendant is not deceived or misled to his prejudice, no error results.' " The evidence, if believed, establishes that the property stolen was in the possession of Chester Johnson, doing business as Johnson's Jewelry, although one of the rings was owned by John Jones who had entrusted it to the care of Chester Johnson for repair. The defendant is unable to point out how she was misled or deceived as to whose property she was charged with stealing. Indeed, the defense other than a denial was that someone other than the defendant, and presumably Jeanette Hansen, was responsible. The defendant's second contention is without merit. No information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits. See Balis v. State, 137 Neb. 835, 291 N. W. 477.

The next assignment of error is so frivolous that it warrants little discussion. There was evidence, consisting of the expert testimony of Chester Johnson, that the aggregate value of the rings, in the condition in which they were recovered, was $1,595. The defendant somehow suggests that, because one of the rings belonged to John Jones, there was not sufficient evidence for a jury to find that the defendant took property of a value in excess of $300. Section 28-506, R. R. S. 1943, permits aggregating the value of money or property stolen by a series of acts from the same owner. Defendant cites no good reason nor any cases which suggest that the State cannot aggregate, for the purpose of determining value, the value of property entrusted to the victim, as bailee, by another and of property in which the victim has complete ownership. Defendant's assignment is without merit.

Defendant finally asserts that she was denied the effective assistance of trial counsel. Counsel should perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area and should conscientiously protect the interests of his client. State v. Leadinghorse, 192 Neb. 485, 222 N. W. 2d 573. Essentially the claims of ineffective assistance of counsel relate to the failure of trial counsel to move to quash the information or to require the information to be amended to specify the time and place of the theft, precise descriptions of the items stolen, and who owned these items. As we have discussed before, the information was not defective. Defendant and counsel were fully apprised of the property alleged to have been stolen, from whom it was alleged to have been stolen, and its description. Those contentions are without merit. As to the time of the alleged crime, this court has held it is sufficient if a felonious act is laid on any date within the period of limitations. See Rema v. State, 52 Neb. 375, 72 N. W. 474. Assuming the defense counsel could have successfully acquired an amendment of the information, his failure to do so has not been shown by the defendant to have prejudiced her rights in any way. We have examined the record and found that counsel vigorously represented his client, attempted to and did assert the defendant's innocence, and built a defense on the proposition that someone else, not the defendant, committed the crime. The jury simply did not believe that version of the facts.

We have considered other errors, including the alleged excessiveness of the sentence, and find them without merit. Judgment and sentence are affirmed.

AFFIRMED.