STATE OF NEBRASKA, APPELLEE, v. RODDESS M. MAYS,
APPELLANT.

289 N. W. 2d 545

Filed March 11, 1980.   No. 42845.

Berry, Anderson & Creager, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

The appellant, Roddess M. Mays, appeals from an order of the District Court for Red Willow County, Nebraska, denying Mays' motion for new trial on the basis of newly discovered evidence.   The facts involved in the original conviction are set out in the case of State v. Mays, 203 Neb. 487, 279 N. W. 2d 146, and will not be repeated herein.

As we noted in our earlier opinion, defense counsel

vigorously attempted to and did assert the defendant's innocence and built a defense on the proposition that someone else, not the defendant, committed the crime. In support of her motion for new trial Mays asserts that there was newly discovered evidence which, if offered and admitted in a new trial, would result in a different verdict. We have examined the record on the motion for new trial and do not believe that such a conclusion can be reached.

At the hearing on the motion for new trial Mays presented three witnesses who were not present at the original trial. One was a Michael Mullen who testified that the State's principal witness, Jeanette Hansen, the person whom Mays maintained was in fact the culprit, told him at some later time that in fact she, Hansen, had been the one who had stolen the rings, and displayed the rings to Mullen. The evidence in the original trial, however, established that Mays had delivered a box containing rings to Hansen, thereby explaining why Hansen had them in her possession. Mullen further testified that at some later time, the exact date of which was not clear in his mind, he encountered Hansen again and she told Mullen that "she had got out of what she did and that [Mays] was paying for what she had done and she thought it was funny." Other than Mullen's assertion of this fact there was no other evidence to support the claim as to what Hansen allegedly said.

During the original trial some attempt was made by Mays to impeach Hansen's testimony and to attempt to establish the fact that Hansen had admitted taking the rings as a joke. Apparently the jury chose not to believe that assertion. Mays now asserts that Mullen's testimony would have been helpful with regard to Hansen's credibility and her attempt to impeach Hansen.

Mays further offered in evidence at the hearing on the motion for new trial the testimony of a Lowell Holmberg who testified that one evening while in

McCook, Nebraska, an automobile drove up to where he was attempting to make a telephone call to a friend. The driver of the car offered to sell him some diamond rings. With the use of a high school yearbook he identified the driver of the car as Jeanette Hansen. He admitted he knew Roddess Mays at the time he saw Hansen, although he did not know Hansen.

The final witness was a Gary Caradori, a private professional investigator, who testified with regard to a subsequent investigation he made concerning Hansen's reputation in the community. He testified that he attempted to talk to Hansen and she refused to do so. He also testified that on the Sunday prior to the hearing on the motion for new trial he spoke to Virginia and Larry Swanson, and John Fischer, all of whom were schoolteachers in Maywood, Nebraska. The Swansons allegedly told Caradori that Hansen was a habitual liar and always fabricating stories to get other people in trouble.

Caradori further testified that he attempted to talk to the Swansons the following day, but Mrs. Swanson refused to talk to him. Her reason for refusing to talk further or to testify, according to Caradori, was because Mrs. Swanson had been told during the day that Mays was a prostitute and a doper.

It would appear that all the evidence maintained by Mays to be newly discovered evidence at best goes to the credibility of one of the State's witnesses, to wit, Hansen. That fact in and of itself is not sufficient to justify the granting of a new trial. In State v. French, 200 Neb. 137, 262 N. W. 2d 711, we said: "We have held on numerous occasions that evidence which only tends to discredit a witness who testified at trial is not sufficient to justify a new trial." See, also, State v. Wycoff, 180 Neb. 799, 146 N. W. 2d 69.

The trial court, in overruling the motion for new trial, commented on the fact that there had been other significant evidence adduced at trial in addition

to the testimony of Hansen. In particular he noted that certain of the diamonds which were recovered were identified by a Chester Johnson as being diamonds from his jewelry store where Mays was employed. Further, it was noted by the trial court, in overruling the motion for new trial, that the evidence in the original trial established that in addition to the diamonds missing from Johnson's place of business, his inventory cards also had been removed from their cabinet. It was unlikely that a shoplifter would have known to do that. The court in concluding said: "And I came to the conclusion that I do not believe that the jury would probably change their minds." It does not appear that such a conclusion is unreasonable or is not supported by the evidence. In the recent case of State v. Peery, *ante* p. 271, 287 N. W. 2d 71, we said: " 'The rule is well established that newly discovered evidence must be of such a nature that, if offered and admitted at the former trial, it *probably* would have produced a substantial difference in result. Such evidence must be relevant and credible, and not merely cumulative. It must involve something other than the credibility of witnesses who testified at the former trial.' " To the same effect, see State v. Munson, 204 Neb. 814, 285 N. W. 2d 703, and State v. French, *supra*. We have likewise held that a motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and, unless an abuse of discretion is shown, its determination will not be disturbed. State v. Munson, *supra*. A fair reading of the entire record fails to disclose how the determination by the trial court to deny the motion for new trial was an abuse of discretion. That being the case, we are compelled to affirm.

AFFIRMED.

CLINTON, J., concurs in result.