STATE OF NEBRASKA, APPELLEE, V.
ROBERT RECORD, APPELLANT.

302 N.W.2d 367

Filed February 20, 1981.   No. 43142.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant, Robert Record, was convicted of first degree murder and was sentenced to life imprisonment on July 2, 1976. The judgment was affirmed in *State v. Record*, 198 Neb. 530, 253 N.W.2d 847 (1977).

On September 30, 1976, the defendant filed a motion for a new trial for newly discovered evidence. Later,

the motion was amended to also ask for post conviction relief. An evidentiary hearing was held on September 26, 1977. The motion was denied on November 20, 1979. The defendant has appealed from the order denying him relief.

The motion relates to the failure of the State to comply with a pretrial discovery order which directed the county attorney to furnish "a copy of all police reports" to counsel for the defendant. Although the form of the order was broader than the statute requires, apparently there was no objection to the order. See Neb. Rev. Stat. § 29-1912 (Reissue 1979).

The evidence shows that on or about September 1, 1976, the defendant's counsel discovered that the sheriff's office had made an investigation concerning a suspect named Frank Pilant, but that none of the reports concerning Pilant had been furnished to the defendant.

The record shows that while the crime was under investigation, the sheriff's office received information that the victim, Hendrik Dohmen, had been running around with Judy Pilant, the suspect's wife. The sheriff's office then made an investigation which included interviews with the suspect, his employer, and some of his friends, and a polygraph examination of the suspect. Further investigation substantiated that the suspect had been at a drive-in theater on the night of the crime. On the basis of this investigation, the sheriff's office concluded that Pilant had not committed the murder.

At about this time the sheriff's office received information that the murder had been committed by the defendant. Subsequently a confession was obtained from Edward Domalakes, an accomplice of the defendant, who was an eyewitness to the crime. Statements were obtained from several other witnesses who said that the defendant had told them that he had killed Dohmen. Ballistics tests established that

Dohmen may have been shot with a gun recovered from Domalakes.

A motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and, unless an abuse of discretion is shown, its determination will not be disturbed. *State v. Mays*, 205 Neb. 730, 289 N.W.2d 545 (1980). Newly discovered evidence must be of such a nature that if it had been offered and admitted at the former trial it probably would have produced a substantially different result. *State v. Peery*, 205 Neb. 271, 287 N.W.2d 71 (1980).

The newly discovered evidence in this case did no more than show that someone else might have had a motive for killing the victim. The suspect and his wife had been separated for about a 2-week period and during this time the suspect's wife and the victim had been out together on three occasions. When the suspect and his wife reconciled, she told him about her relationship with the victim. There was no other evidence which suggested the suspect was connected with the crime.

The evidence concerning the suspect, which has been summarized above, must be contrasted with that produced by the State at the trial of the defendant. The testimony at the trial included that of the accomplice who was an eyewitness to the murder, together with several witnesses to whom the defendant had admitted that he committed the murder. There is additional evidence in the investigation file which, was received at the hearing on the motion which corroborates the evidence of the State against the defendant.

The record fully supports the ruling of the trial court on the defendant's motion. It is not probable that the newly discovered evidence would have produced a different result at the trial if it had been offered and admitted. The failure to disclose the reports concerning this evidence in accordance with the pretrial discovery

order was not prejudicial to any substantial right of the defendant. Any error in that regard was harmless. The judgment of the District Court is affirmed.

AFFIRMED.