STATE OF NEBRASKA, APPELLEE, v. ROBERT TIFF,
APPELLANT.

324 N.W.2d 393

Filed September 17, 1982.  No. 81-839.

Craig D. Wittstruck of Berry, Anderson, Creager & Wittstruck, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

Appellant, Robert Tiff, appeals from a judgment entered by the District Court for Lancaster County, Nebraska, denying Tiff relief sought pursuant to the post conviction statutes of the State of Nebraska, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979). The order denying relief was entered after an evidentiary hearing had been held.  The basis of Tiff's request for relief under the Post Conviction Act is his claim that his court-appointed counsel ineffectively represented him in that counsel did not call a

material witness who would have been important in his defense. Court-appointed counsel for Tiff testified at the post conviction hearing and maintained that Tiff had never provided him with the name of the witness, and for that reason counsel was not aware of the existence of such a witness and could not have contacted him.

The trial court concluded, following the hearing, that there was a lack of evidence in all phases of appellant's motion for post conviction relief and that, in fact, Tiff had been adequately and effectively represented. In essence, the trial court found that Tiff's contention that a witness existed who was not called by court-appointed counsel was not true. We have frequently said that in a post conviction proceeding the petitioner has the burden of establishing a basis for relief. See, *State v. Clingerman,* 180 Neb. 344, 142 N.W.2d 765 (1966); *State v. Raue,* 182 Neb. 735, 157 N.W.2d 380 (1968). Moreover, we have said that in post conviction proceedings under §§ 29-3001 et seq. the District Court is the trier of disputed questions of fact and it is not ordinarily for the Supreme Court to determine questions of credibility. *State v. Davis,* 203 Neb. 284, 278 N.W.2d 351 (1979). Our examination of the record in this case discloses that there were disputed questions as to whether the alleged witness did in fact exist at the time of trial and whether his name was given to court-appointed counsel. The trial court found against Tiff on those issues and we believe the record amply supports the action of the trial court. Accordingly, then, the judgment denying relief is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.