STATE OF NEBRASKA, APPELLEE, V. NOEL J.
HEATHMAN, APPELLANT.

344 N.W.2d 670

Filed February 24, 1984. No. 83-457.

Michael Lehan, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the denial of post conviction relief. The appellant is presently incarcerated in the Nebraska Penal and Correctional Complex, serving concurrent terms of life (kidnaping) and 8 to 10 years' imprisonment (first degree sexual assault), and a consecutive term of 3 to 5 years (use of a firearm in the commission of a felony). The principal case was affirmed. *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981).

Three errors are assigned. The trial court erred (1) in denying appellant permission to appear in person rather than by deposition at the post conviction hearing, (2) in failing to find that the appellant was denied effective assistance of counsel at trial, and (3) in failing to find that appellant's counsel repre-

sented conflicting interests at trial. We affirm.

The first assignment of error is not discussed in the brief and will not be considered by this court on appeal. Neb. Ct. R. 9D(1)d (Rev. 1982). We merely note that the exact procedure followed by the trial court is authorized in Neb. Rev. Stat. § 29-3001 (Reissue 1979).

The second and third assignments of error will be discussed together. In consideration of these assignments we keep in mind that the standard for determining whether counsel for a defendant in a criminal prosecution has adequately represented a client is whether trial counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law in his area and conscientiously protected the interests of his client. *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981); *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974). The defendant who alleges incompetency of counsel bears the burden of showing that his defense was prejudiced. *State v. Holloman*, 209 Neb. 828, 311 N.W.2d 914 (1981).

As to an alleged conflict of interest, the defendant, who made no complaint at trial, must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *State v. Pope*, 211 Neb. 425, 318 N.W.2d 883 (1982).

The alleged conflict of interest arose because of the dual representation of the appellant and one John L. Koger, a codefendant. According to appellant's version, appellant was instructed to testify that the gun used in the abduction and rape belonged to him, not to his codefendant as appellant maintains was the fact. The conflict, appellant asserts, prevented his counsel from questioning Koger's assertion that the gun belonged to appellant.

Trial counsel denied the assertion, and the trial court believed counsel. In addition, as is apparent from a reading of the record, the ownership of the gun was irrelevant. The appellant admitted han-

dling the gun during the afternoon preceding the abduction, and the victim testified that at least two of the three defendants handled the gun during the incident. The defense urged by appellant was consent. Appellant admitted that the victim left the 7-Eleven Store and that he had sexual intercourse with her, and it was established that a gun was found in the car in which the victim and the three defendants were riding. We find no conflict of interest, and even if it were so established, the appellant has not demonstrated any prejudice.

Appellant asserts that his trial counsel failed to obtain possession of a cash register tape. The tape, appellant suggests, would show a last purchase of $5 before the victim left the store, thereby impeaching the victim's testimony that no purchase was made by the codefendants. Assuming the questionable materiality of the tape, counsel testified that he inquired of an executive of the 7-Eleven chain as to the existence of the tape, found that the tape was not in existence, and, further, that if the tape existed, no time-dating would be present on the tape. Even assuming the materiality of the tape, counsel took reasonable efforts to secure the tape. The issue of fact is resolved against the appellant.

The last area of appellant's complaint is counsel's failure to interview and present certain witnesses. The appellant suggests that one of the witnesses would testify that, prior to the incident, the appellant was consuming alcohol and ingesting drugs. Other witnesses would presumably testify as to the appellant's character. We will not dignify the contention further. The failure to procure the testimony of the witness as to drug and alcohol consumption is not only nonproductive and not demonstrably prejudicial but it is within the tactical area of judgment of competent counsel. Trial counsel was evidently convinced that the testimony was not helpful, and the trial court agreed with his judgment.

We are not favored by appellant with the sub-

stance of the testimony of the "character" witnesses. Considering the appellant's rather extended previous record, the decision not to adduce any more testimony than absolutely necessary concerning the character of the appellant seemed to the trial court not the act of an incompetent counsel but an extremely prudent one. There is no merit to the assigned errors. Therefore, the denial of post conviction relief is affirmed.

AFFIRMED.