STATE OF NEBRASKA, APPELLEE, V. JERRY G. OHLER, APPELLANT.

366 N.W.2d 771

Filed May 3, 1985.   No. 84-683.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, for appellant.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Jerry G. Ohler, appeals from the order of the district court for York County, Nebraska, entered on August 16, 1984, denying his motion for post conviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979).

In 1980 the defendant was convicted of possession of stolen property and possession of burglary tools and was found to be a habitual criminal pursuant to Neb. Rev. Stat. § 29-2221 (Reissue 1979). The defendant was fined $500 and sentenced to 15 years' imprisonment. The judgment was affirmed in *State v. Ohler*, 208 Neb. 742, 305 N.W.2d 637 (1981), *cert. denied* 454 U.S. 967, 102 S. Ct. 510, 70 L. Ed. 2d 383 (*Ohler I*).

In 1981 the defendant commenced a proceeding for post conviction relief in which the trial court denied relief without an evidentiary hearing. While an appeal was pending, defendant's original counsel was granted leave to withdraw, and George

Brugh was appointed to represent the defendant. That appeal was dismissed on the defendant's motion filed pro se.

On January 20, 1983, the defendant filed another motion for post conviction relief pro se. That motion alleged that the defendant had received ineffective assistance of counsel at the trial, on the appeal, and at the first post conviction proceeding. Again, relief was denied without an evidentiary hearing.

On the appeal from that order we held:

> [A] defendant is entitled to bring a second proceeding for post conviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion. A review of the motion filed in the present case reveals that the only ground which was not capable of being raised at the time of the first hearing is the claim defendant's counsel failed to provide effective assistance during the course of the first motion for post conviction relief. All other grounds can not be raised in a second post conviction motion. See *Sims v. State*, 295 N.W.2d 420 (Iowa 1980).
>
> The order overruling the defendant's second motion for post conviction relief filed January 20, 1983, is reversed and the cause remanded for further proceedings in conformity with this opinion.

*State v. Ohler*, 215 Neb. 401, 405, 338 N.W.2d 776, 779 (1983) (*Ohler II*).

After the trial on remand the district court found that the defendant had failed to prove that his counsel did not provide effective assistance during the course of the first motion for post conviction relief, and further concluded that the defendant had suffered no denial or infringement of his constitutional rights. It is from that order that the defendant has now appealed.

On this appeal we consider only matters pertaining to the defendant's contention that he did not have effective assistance of counsel on his first motion for post conviction relief. However, because the defendant's alleged denial of effective assistance of counsel at his first post conviction proceeding concerns that counsel's failure to raise the issue of his own ineffective assistance of counsel at the hearing on the motion to

suppress and at the enhancement proceeding, it is necessary to determine if the latter were proper grounds for post conviction relief. The review is not unlike that which was made in *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984), where the defendant contended that the issue of a constitutional denial of effective assistance of counsel could not have been raised in his first post conviction proceeding because in that proceeding he was represented by the same attorneys whose assistance he assailed. Similarly, in *Jones v. Scurr*, 316 N.W.2d 905, 911 (Iowa 1982), the Iowa Supreme Court reasoned:

> Jones was represented at trial, on direct appeal, and in district court in this postconviction proceeding, by the same attorney. Defense counsel, understandably, did not raise an ineffective assistance of counsel claim against himself. Jones raised the issue in a *pro se* motion for new trial filed after the court denied his application for postconviction relief. We find that due to the fact that the same attorney represented Jones through all prior stages of this case, although not in this postconviction appeal, there was "sufficient reason" for the failure to previously raise the issue of ineffective assistance of counsel. § 663A.8. Jones is entitled to raise this issue in a new application for postconviction relief.

The defendant's claim of ineffective assistance of counsel in the first post conviction proceeding stems from two separate matters which relate to the original trial. First, the defendant contends that in the first post conviction proceeding his counsel failed to allege as error the fact that his trial counsel prevented him from testifying at the hearing on the motion to suppress. The defendant argues that if he had been allowed to testify at that hearing, he would have demonstrated that he did not consent to the search preceding his arrest. Apparently, the conclusion of this argument is that if the defendant had been allowed to testify, he would not have been convicted. The facts surrounding the search referred to are fully set out in *Ohler I*.

Secondly, the defendant contends that the certified copy of the record of his prior conviction in Greeley County, Nebraska, which was received at the enhancement hearing, failed to disclose whether he was represented by counsel. The defendant

argues that reasonably competent counsel would have used this fact to successfully challenge the sufficiency of the evidence to support the habitual criminal conviction.

The general rules regarding a claim of ineffective assistance of counsel were set forth at length in *State v. Robinson*, 218 Neb. 156, 352 N.W.2d 879 (1984). The issue was even more recently discussed in *State v. Harper*, 218 Neb. 870, 874, 359 N.W.2d 806, 809-10 (1984). Therein it was quoted:

> "Nebraska employs a two-part test for determining whether an attorney has effectively counseled a criminal defendant. First, counsel must perform at least as well as one with ordinary criminal law skill and training in his or her region. Counsel must also conscientiously protect his client's interests. *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974); *State v. Lang*, 202 Neb. 9, 272 N.W.2d 775 (1978). A defendant challenging competency of counsel has the burden to establish it. *State v. Auger & Uitts*, 200 Neb. 53, 262 N.W.2d 187 (1978). In addition, defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. *State v. Mays*, 203 Neb. 487, 279 N.W.2d 146 (1979); *State v. Lang, supra; State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977)."

See *State v. Evans, ante* p. 849, 359 N.W.2d 790 (1984).

The defendant's first claim is that he received ineffective assistance of counsel because his counsel failed to allow the defendant to testify at the suppression hearing. At the trial on remand the defendant testified that he told his attorney that he did not consent to the search preceding his arrest; that he and his attorney subsequently discussed whether the defendant should testify at the suppression hearing; and that although his attorney said that he would either take the defendant's deposition or have the defendant testify, neither was done. This testimony was contradicted by the defendant's original attorney, whose deposition was received in evidence at the trial on remand. His attorney further testified that the defendant never said that he wanted to testify. In *State v. Fowler*, 201 Neb. 647, 656-57, 271 N.W.2d 341, 347 (1978), we held:

> The defendant next complains that his attorney did not

call him to testify in his own behalf. Although there is conflicting evidence as to defendant's desire to testify at his trial, we believe the court correctly found from the testimony at the post conviction hearing that the defendant's trial counsel had discussed this issue with the defendant and that the defendant had acquiesced in his counsel's advice not to testify. It is clear that defendant's testimony at the preliminary hearing could have been used to impeach the defendant's credibility at the trial, and his past criminal record would have been brought to the jury's attention. We concur in the finding of the District Court in the post conviction hearing that: "Under these circumstances a decision of legal counsel advising the defendant not to take the witness stand is a matter of reasonable trial strategy and not evidence of a lack of effective assistance of counsel." We have held that trial strategy adopted by counsel without prior consultation with accused will preclude the accused from asserting constitutional claims in the absence of exceptional circumstances. State v. Haynes, 186 Neb. 238, 182 N.W.2d 199 (1970).

Even if counsel's alleged failure to allow the defendant to testify had not been a matter of reasonable trial strategy which was not evidence of a lack of effective assistance of counsel, see, e.g., *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) (Burger, C.J., concurring at 93 n.1), this did not prejudice the defendant. As set forth in the concurring opinion in *Ohler I*, there was no reasonable expectation of privacy in the unsealed and partially opened cardboard box.

The defendant's second contention is that his counsel was ineffective at the enhancement proceeding. At the hearing on remand the defendant testified that in the Greeley County case he was sentenced immediately after the jury verdict was returned and that he was not represented by an attorney at that time. The record in the Greeley County case was received in evidence, and it shows the defendant was sentenced some days later than he claims.

The deposition of the defendant's lawyer in the Greeley County case was also received into evidence. This lawyer

testified that he represented the defendant at all critical stages of the Greeley County conviction. Furthermore, the defendant's attorney whose effectiveness is now challenged testified that the defendant told him that he, the defendant, had been represented by counsel in the Greeley County case.

Since the defendant was in fact represented by counsel in the Greeley County case, any failure to object to the offer of the certified copy of the record of that conviction at the enhancement proceeding was not prejudicial. The State is not limited to proof of a prior conviction by the use of a certified copy of the record. Under the circumstances in this case, the failure to object will not support a claim of ineffective assistance of counsel.

Since neither the defendant's claim of ineffective assistance of counsel at the suppression hearing nor his claim of ineffective assistance of counsel at the enhancement proceeding is a ground for post conviction relief, his counsel was not ineffective for failing to allege them as error in the first post conviction proceeding.

The defendant has also assigned as error the lower court's refusal to permit expert testimony regarding what a "reasonably prudent criminal trial attorney would have done." Brief for Appellant at 10. In *Sasich v. City of Omaha*, 216 Neb. 864, 873, 347 N.W.2d 93, 99 (1984), discussing the general matter of permitting expert testimony on the status of the law, we said:

> While our rules of evidence allow for expert testimony, that testimony must be such as to assist the trier of fact to understand the evidence or to determine a fact issue. Neb. Rev. Stat. § 27-702 (Reissue 1979). Expert testimony concerning the status of the law generally accomplishes neither of these goals.

Generally, expert testimony is not admissible as proof that the assistance of counsel in a criminal case was ineffective. The last assignment of error concerns the exclusion of "documentary evidence" of the Greeley County conviction by the district court. Apparently, this material was offered in the hope that it might disclose "numerous trial errors" and "significant discrepancies" at the trial, which were not issues in

this case under the pleadings which had been filed. The evidence was not relevant to the issues then being tried, and the ruling prejudiced no substantial right of the defendant.

The judgment is affirmed.

AFFIRMED.

WHITE, J., concurs in the result.