STATE OF NEBRASKA, APPELLEE, V. GRANT MANCHESTER, APPELLANT.

367 N.W.2d 733

Filed May 17, 1985.    No. 84-862.

Grant Manchester, pro se.

A. Eugene Crump, Deputy Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Grant Manchester, appeals from the order of the district court for Douglas County, Nebraska, denying his motion for post conviction relief.

In 1983 the defendant was convicted of attempted first degree murder and sentenced to imprisonment for 16 to 30 years. The conviction was affirmed in *State v. Manchester*, 213

Neb. 670, 331 N.W.2d 776 (1983).

The defendant makes three principal contentions: (1) That the district court erred in failing to find that Neb. Rev. Stat. § 28-201 (Reissue 1979) was unconstitutional; (2) That the district court erred in failing to find that Neb. Rev. Stat. §§ 86-701 et seq. (Reissue 1981) were applicable to the facts underlying defendant's conviction; and (3) That the district court erred in failing to find that the defendant was denied effective assistance of counsel.

> "A motion for post conviction relief can not be used as a substitute for an appeal or to secure a further review of issues already litigated." *State v. Ohler*, 215 Neb. 401, 405, 338 N.W.2d 776, 778 (1983). Additionally, a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal unless the questions are such that they would make the judgment of conviction void or voidable under the state or federal Constitution. See *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982). One seeking post conviction relief has the burden of establishing the basis for such relief, and the findings of the district court will not be disturbed on appeal unless they are clearly erroneous. See, *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982); *State v. Stranghoener, supra*. The reasons for such rules are obvious. As we noted in *State v. Weiland*, 190 Neb. 111, 113, 206 N.W.2d 336, 338 (1973): "There must be an end to litigation. A defendant will not be permitted to rephrase issues previously raised or raise new issues which could have been previously raised for the purpose of securing another review on appeal."

*State v. Hochstein*, 216 Neb. 515, 517, 344 N.W.2d 469, 472 (1984); *State v. Williams*, 217 Neb. 539, 352 N.W.2d 538 (1984).

Moreover, this court has stated that "where an issue is known to the defendant at trial and he fails to raise it in his direct appeal, the appeal is waived." *State v. Pope*, 218 Neb. 361, 363, 355 N.W.2d 216, 217 (1984).

Referring first to defendant's contention that § 28-201 is unconstitutional, the district court properly found under the rules set forth above that this was not a proper ground for post

conviction relief. Previously, § 28-201 has been held not unconstitutionally vague. See, e.g., *State v. Sodders*, 208 Neb. 504, 304 N.W.2d 62 (1981); *Sodders v. Parratt*, 693 F.2d 811 (8th Cir. 1982). This matter was discussed in *State v. Manchester, supra*.

The defendant next contends that the district court erred in finding that the provisions of §§ 86-701 et seq. were inapplicable to the facts of this case. Those facts were fully set out in *State v. Manchester, supra*.

Part of the State's evidence consisted of tape recordings of conversations between the defendant and Carthell Sherrill in which the plans for killing Donald Rickard were discussed. Sherrill, who had been offered $800 by the defendant to kill Rickard, had informed the police of the defendant's plan and agreed to be outfitted with a microphone and to meet with the defendant while under police surveillance. The defendant argues that his conversations with Sherrill were "oral communications" under § 86-701(2) and 18 U.S.C. § 2510(2) (1982), both of which provide: "Oral communication shall mean any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." The defendant contends that the conversations could not have been monitored legally unless the provisions of the Nebraska and federal statutes had been fully complied with.

The congressional findings made concerning the federal act in 18 U.S.C.A. §§ 2510 to 2520 (West 1970) provide:

> "(d) To safeguard the privacy of innocent persons, the interception of wire or oral communications *where none of the parties to the communication has consented to the interception* should be allowed only when authorized by a court of competent jurisdiction and should remain under the control and supervision of the authorizing court. . . ."

(Emphasis supplied.) *Id.*, note at 469.

The courts which have considered the issue under similar circumstances have held that conversations in which one party has consented to the recording of the conversation are not "oral communications" the interception of which is prohibited by communication interception statutes. See, generally, Annot.,

27 A.L.R.4th 449 (1984).

Section 86-702(2)(c) specifically provides that it is not unlawful to intercept a wire or oral communication where one of the parties to the communication has given prior consent unless the communication is intercepted for the purpose of committing a criminal or tortious act or other injurious act. The finding of the district court was correct.

Lastly, the defendant contends that he was denied effective assistance of counsel. In this regard the defendant lists 24 separate actions (or inactions) on the part of his trial counsel to substantiate his claim. Those allegations essentially can be summarized as follows: That counsel's physical condition inhibited his ability to act as trial counsel; that counsel failed to obtain all necessary police reports, and otherwise adequately prepare for trial; that counsel failed to file a discovery motion for a missing tape cassette; that counsel failed to call an important witness; that counsel failed to inform the defendant of an offer to plea bargain; that counsel failed to obtain a mental evaluation of the defendant; that counsel failed to object to a jury instruction regarding aiding and abetting; that counsel failed to advance an entrapment defense; and that counsel failed to make certain evidentiary objections.

We have previously held:

> "Nebraska employs a two-part test for determining whether an attorney has effectively counseled a criminal defendant. First, counsel must perform at least as well as one with ordinary criminal law skill and training in his or her region. Counsel must also conscientiously protect his client's interests. *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974); *State v. Lang*, 202 Neb. 9, 272 N.W.2d 775 (1978). A defendant challenging competency of counsel has the burden to establish it. *State v. Auger & Uitts*, 200 Neb. 53, 262 N.W.2d 187 (1978). In addition, defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. *State v. Mays*, 203 Neb. 487, 279 N.W.2d 146 (1979); *State v. Lang, supra; State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977)."

See *State v. Evans, ante* p. 849, 359 N.W.2d 790 (1984).

*State v. Ohler,* 219 Neb. 840, 843, 366 N.W.2d 771, 773-74 (1985).

Throughout the course of the trial in this case, the defendant's counsel, Walter Matejka, now deceased, was assisted by a second attorney, James McBride. McBride testified at the post conviction hearing that he was present during at least 80 percent of the trial and that Matejka proceeded in a professional manner at all times. Furthermore, McBride's testimony shows that there is no foundation for defendant's claim of ineffective counsel. The record supports the finding that defendant failed to sustain his burden in challenging the competency of his counsel.

The decision of the district court was in all respects correct, and the judgment is affirmed.

AFFIRMED.