STATE OF NEBRASKA, APPELLEE, V. JACK L. TERRELL, APPELLANT.
368 N.W.2d 499

Filed May 31, 1985.   No. 84-928.

Tony L. Fugit, for appellant.

A. Eugene Crump, Deputy Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Jack L. Terrell appeals from an order of the district court for Sarpy County, Nebraska, denying his request for post conviction relief pursuant to the provisions of the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 . et seq. (Reissue 1979). Terrell appeals on the basis that the district court erred in several respects in denying post conviction relief. Specifically, Terrell maintains that the district judge erred in the following respects: (1) In refusing to recuse himself from consideration of this matter due to his alleged bias and prejudice evidenced by comments made by him at the original sentencing hearing; (2) In failing to grant post conviction relief based upon the fact that Terrell's guilty plea was induced through promises which were not revealed to the court or to Terrell's counsel; (3) In failing to grant post conviction relief based upon the fact that Terrell was denied adequate and effective assistance of counsel at the time his plea of guilty was entered; and (4) In failing to grant post conviction relief based upon the fact that Terrell's guilty plea was not knowingly and intelligently made.

Terrell begins his argument by advising the court that "[t]he legal arguments with regard to this defendant are intermingled so as to make clarity difficult." Brief for Appellant at 9. With that we are in complete agreement. We are unable, however, to agree with any other argument made by Terrell, and for that reason we affirm the judgment of the district court denying post conviction relief.

On May 14, 1981, Terrell was charged with first degree sexual assault on a child in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979). This is a Class II felony punishable by not less than 1 nor more than 50 years' imprisonment. All of the facts of the case are not before the court in this post conviction proceeding. The record available, however, indicates that this was apparently a sexual assault by Terrell upon his then 15-year-old stepdaughter. The record of the proceedings indicates that it was a particularly vicious and heinous attack in which Terrell tied the child down and repeatedly assaulted her. But for some secret agreement allegedly entered into between Terrell and several federal police officials, the record discloses

that all of his constitutional rights were explained to Terrell and that he freely, knowingly, and intelligently entered his plea of guilty. Following an examination and presentence investigation, the district court sentenced Terrell to imprisonment for not less than 15 nor more than 50 years. Terrell did not file a direct appeal. He now seeks post conviction relief with regard to those matters set out above, even though all of the matters were known to Terrell at the time the sentence was imposed and could have been attacked by way of direct appeal. He maintains that he waived his right to a direct appeal because of promises made to him by authorities upon which he relied.

Terrell's principal contention is that he entered into a plea agreement with federal authorities to the effect that if he would give testimony against certain members of the Hell's Angels, he would be sentenced to not less than 3 nor more than 5 years' imprisonment in the state proceeding. As noted earlier, Terrell maintains that he did not file a direct appeal because federal agents had promised to help him get a reduced sentence through the Nebraska Parole Board. All of these matters are denied by the authorities, both state and federal. Each of the officials represents, by affidavit, that no promise with regard to the sentence in the present case was made and that the only promise made by the federal agents was that if Terrell gave testimony to aid the federal government in its prosecution of the Hell's Angels, the district court for Sarpy County, Nebraska, would be made aware of that fact. In support of that position the record reflects that at the time Terrell was sentenced the deputy county attorney did advise the district court of Terrell's cooperation with federal authorities. It is further clear from the record that the district court took that fact into account in sentencing Terrell. In sentencing Terrell to a term of 15 to 50 years, the district court said:

> And if it weren't for your cooperation, Mr. Terrell, I think today I would have given you a flat 50 years and immediately sent a letter to the Board of Pardons and Paroles that under no circumstances should you be released earlier than that, less your accumulated good time and earned credit. But since in fact you cooperated I am giving you the indeterminate sentence and let you have

that opportunity. But I hope that it's at least that long and at least give this young girl an opportunity to rest in peace at night, knowing that the perpetrator of this horrid crime is behind bars.

The most that can be said about Terrell's argument is that it raises a dispute as to the facts. On the one hand, Terrell maintains certain promises were made to him, while, on the other hand, those who allegedly made the promises deny such promises were made. We have frequently held that in post conviction proceedings under §§ 29-3001 et seq. the district court is the trier of disputed questions of fact and it is not ordinarily for the Supreme Court to determine questions of credibility. See, *State v. Tiff*, 212 Neb. 565, 324 N.W.2d 393 (1982); *State v. Davis*, 203 Neb. 284, 278 N.W.2d 351 (1979). Further, in a post conviction proceeding the petitioner has the burden of establishing the basis for relief. *State v. Tiff, supra*. Our review of the record convinces us beyond question that there was simply no basis upon which the trial court could have believed Terrell's claims. But, in any event, the decision of the district court not to believe Terrell and to believe the state and federal officials was not error. In view of the fact that we find that the district court did not commit error in refusing to believe Terrell's claims, we likewise must conclude that Terrell's guilty plea was not induced through promises which were not revealed to the court or to Terrell's counsel.

Nor can we say that this record supports Terrell's claim that he was denied adequate and effective assistance of counsel. Nebraska employs a two-part test for determining whether an attorney has effectively counseled a criminal defendant. We have previously held:

"First, counsel must perform at least as well as one with ordinary criminal law skill and training in his or her region. Counsel must also conscientiously protect his client's interests. *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974); *State v. Lang*, 202 Neb. 9, 272 N.W.2d 775 (1978). A defendant challenging competency of counsel has the burden to establish it. *State v. Auger & Uitts*, 200 Neb. 53, 262 N.W.2d 187 (1978). In addition, defendant must show that he suffered prejudice in the

defense of his case as a result of his attorney's actions or inactions. *State v. Mays,* 203 Neb. 487, 279 N.W.2d 146 (1979); *State v. Lang, supra; State v. Bartlett,* 199 Neb. 471, 259 N.W.2d 917 (1977)."
*State v. Evans,* 218 Neb. 849, 852-53, 359 N.W.2d 790, 793 (1984).

Our review of the record as presented to us fails to disclose any evidence that Terrell was denied effective assistance of counsel or that such alleged denial resulted in any prejudice to Terrell.

An examination of the record makes it clear that Terrell freely, knowingly, and intelligently entered a plea of guilty in this case. Where the record discloses that a plea of guilty was understandingly and voluntarily entered, it is not subject to post conviction relief. See, *State v. Mayes,* 190 Neb. 833, 212 N.W.2d 621 (1973); *State v. Turner,* 186 Neb. 424, 183 N.W.2d 763 (1971).

We believe our review of the matters thus far has disposed of all of Terrell's assignments of error except with regard to the district judge's refusal to recuse himself. We may, however, dispose of that in short order. In the first place, Terrell, while assigning it as error, does not discuss it in his brief. We have frequently held that we will not consider errors assigned but not discussed. See *State v. Heathman,* 216 Neb. 609, 344 N.W.2d 670 (1984). Furthermore, an examination of the record clearly discloses that there was no basis for requiring the district judge to disqualify himself. A motion to disqualify a trial judge on account of prejudice is addressed to the sound discretion of the trial court. See *State v. Goodpasture,* 215 Neb. 341, 338 N.W.2d 446 (1983). There is no indication here that the district judge in any manner abused his discretion. For these reasons the judgment of the district court denying Terrell post conviction relief is affirmed.

AFFIRMED.