STATE OF NEBRASKA, APPELLEE, V. WILLIAM J. GAGLIANO, APPELLANT.

438 N.W.2d 783

Filed April 21, 1989.   No. 88-739.

Maurice A. Green, of Burger, Bennett & Green, P.C., for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and RIST, D.J.

WHITE, J.

Defendant, William J. Gagliano, appeals from an order of the district court for Frontier County denying his motion for postconviction relief. The defendant bases his motion on a claim of ineffective assistance of counsel.

The defendant was originally charged with arson in the first degree, manufacture of a controlled substance, and possession of marijuana of more than 1 pound. Pursuant to a plea arrangement, defendant pleaded guilty to one count of second degree arson and one count of possession of marijuana of more than 1 pound. The bill of exceptions establishes that the court fully complied with the procedures set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), in accepting the defendant's guilty pleas. Defendant was sentenced to the Nebraska Penal and Correctional Complex for a period of not less than 5 nor more than 10 years' imprisonment on the arson charge and for a period of 1 year's imprisonment on the possession charge, the sentences to be served concurrently.

Prior to the hearing on his motion for postconviction relief, defendant, an indigent, filed a motion requesting authorization to employ legal counsel as an expert witness. The defendant wanted to employ legal counsel as an expert witness to establish what conduct meets the standard of care a lawyer with ordinary training and skill in the criminal law in the area would possess. The district court, finding that "the requested testimony [by legal counsel] concerns an opinion of law which is a matter to be determined by the Court," denied the motion.

The defendant contends the court erred by overruling his motion for authorization to employ legal counsel and by failing to find that defendant was denied effective assistance of counsel.

Defendant's first assignment of error relating to his motion for authorization to employ legal counsel is without merit. In *State v. Ohler*, 219 Neb. 840, 366 N.W.2d 771 (1985), an appeal from a postconviction proceeding, one of the errors assigned was the "lower court's refusal to permit expert testimony regarding what a 'reasonably prudent criminal trial attorney would have done.'" *Id.* at 845, 366 N.W.2d at 775. This court held: "Generally, expert testimony is not admissible as proof that the assistance of counsel in a criminal case was ineffective."

*Id.* Further, the issue is analogous to one of the issues we addressed in *State v. Suggett*, 200 Neb. 693, 264 N.W.2d 876 (1978). In *Suggett*, an indigent defendant made a motion during postconviction proceedings for authority to retain a psychiatrist. The trial court denied the motion. We affirmed the court's decision, stating that "[t]he right of an indigent defendant to the appointment of an expert witness at State expense generally rests in the discretion of the trial court." *Id.* at 697, 264 N.W.2d at 879. See Annot., Right of Indigent Defendant in Criminal Case to Aid of State by Appointment of Investigator or Expert, 34 A.L.R.3d 1256, 1269 (1970). The record discloses no abuse of discretion on the part of the trial court.

In his second assignment of error the defendant alleges that the court failed to find that he was denied effective assistance of counsel by the court's failing to give sufficient weight to the facts that (1) counsel failed to attempt to suppress statements made by the defendant, (2) counsel failed to conduct a thorough investigation and interview witnesses, (3) counsel failed to assure that defendant's past criminal history was accurately reflected in the presentence investigation, and (4) counsel failed to provide the court with information detailing the extensive cooperation provided by the defendant to the authorities.

Addressing each allegation separately, we note that the appropriate standard of review for a claim of ineffective assistance of counsel is as follows:

"A defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. [Citations omitted.] ' "When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions

or inactions." ' " . . .

. . . "[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."

A convicted defendant seeking a reversal of the conviction or sentence for the reason that counsel's assistance was deficient must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Jones, ante* p. 110, 112-13, 435 N.W.2d 650, 652 (1989).

The defendant first argues that he was denied effective assistance of counsel when his attorney failed to move to suppress statements made by the defendant while in police custody. With the exception of one statement, defendant fails to identify any other allegedly prejudicial statements which his attorney should have attempted to suppress. The one statement identified by the defendant was a statement made apparently after he jumped out of the window of the house and landed "basically in the arms of Sheriff Lannie Roblee. And at that time said, 'Well, I almost got it burned down.' " The record clearly shows that the statement was a noncustodial, volunteered statement. In the absence of evidence demonstrating that counsel failed to suppress statements prejudicial to the defendant, defendant's claim is not sustained on this point.

The thrust of defendant's second argument is that his pleas were involuntary because his attorney failed "to interview necessary witnesses and to secure all proper information in order to present an accurate assessment upon which to properly advise the Appellant . . . ." Though defendant alleges that his attorney failed to interview two witnesses, defendant never

identifies these alleged witnesses and never specifies the testimony these witnesses were to provide. No affidavits were filed, and neither witness was called to testify by the defendant at the postconviction hearing.

In *State v. Otey*, 212 Neb. 103, 107-08, 321 N.W.2d 453, 456 (1982), *cert. denied* 459 U.S. 1080, 103 S. Ct. 502, 74 L. Ed. 2d 641, this court said:

> "In *State v. Holtan*, [205 Neb. 314, 321, 287 N.W.2d 671, 676 (1980), *cert. denied* 449 U.S. 891, 101 S. Ct. 250, 66 L. Ed. 2d 117], we said: '[T]he defendant maintains that counsel was inadequate in that he did not subpoena witnesses from the state of Washington who would have testified as to his good character. The record, however, fails to disclose what, if anything, the witnesses would have testified to had they been called. . . . In the absence of evidence to disclose what the witnesses would have testified to, we are unable to establish any prejudice and therefore unable to establish any error.' Likewise, in *State v. Kelly*, [190 Neb. 41, 44, 205 N.W.2d 646, 648 (1973)], where the defendant claimed that his attorney had failed to interview and obtain witnesses to establish a defense based on consent, we said . . . 'The defendant utterly failed to establish this allegation. None of the four witnesses identified by him as supporting this defense were called to testify at this hearing nor was their failure to be called as witnesses explained. . . .' "

Since defendant fails to establish the identity and testimony of his alleged witnesses, his claim of ineffective assistance of counsel on this ground fails.

In addition to alleging that his counsel failed to interview witnesses, defendant contends that his counsel did not fully investigate all the circumstances leading to the criminal charges. The focus of defendant's contention here is not that counsel's failure to investigate rendered his pleas involuntary, but, rather, that the alleged failure resulted in stiffer sentences because his counsel did not secure an agreement of leniency, an issue addressed below. Further, as stated above, an examination of the record indicates that the defendant freely, knowingly, and intelligently entered guilty pleas to both counts. "Where the

record discloses that a plea of guilty was understandingly and voluntarily entered, it is not subject to post conviction relief." *State v. Terrell*, 220 Neb. 137, 141, 368 N.W.2d 499, 502 (1985) (citing *State v. Mayes*, 190 Neb. 833, 212 N.W.2d 621 (1973); *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), *disapproved on other grounds*, *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986)).

Defendant's last two arguments, as well as his allegations that counsel failed to investigate and to secure an agreement of leniency prior to sentencing, relate to the sentencing procedure. The record clearly shows that the defendant was given the opportunity to correct his criminal record during the sentencing hearing. Further, the defendant's attorney called Isaac Brown, a detective for the McCook Police Department, to testify at the sentencing hearing regarding the defendant's cooperation and involvement with the police in a drug investigation in Denver. The record also establishes that the defendant never informed his attorney of his cooperation with the police until after his assistance was rendered. These facts, coupled with counsel's successful plea bargain negotiation which resulted in dropping one count from the original charges and reducing another charge from first degree arson to second degree arson, are convincing evidence that the defendant was not denied effective assistance of counsel. The fact that the defendant does not favor the sentences he received does not constitute grounds for claiming he was denied effective assistance of counsel. These issues should have been raised on direct appeal. For the foregoing reasons, the defendant's second assignment of error is without merit.

The defendant has failed to meet his burden for postconviction relief. Our review of the record fails to disclose any evidence indicating a deficiency in counsel's performance or that any alleged deficiency was prejudicial to the defendant. There was no error committed on the part of the district court.

Accordingly, the decision of the district court denying defendant's motion for postconviction relief is affirmed.

AFFIRMED.